# Colly *v.* The State.

*Prosecution for Obtaining Goods under False Pretenses.*

1. *Obtaining money or goods by "false pretense"; what constitutes.*—A "false pretense," within the meaning of the statute (Rev. Code, § 3714), is a false representation as to some existing or past fact; a mere promise to be performed in future, though not meant to be kept when made, is not a false pretense.

FROM the Circuit Court of Butler.

Tried before the Hon. JOHN K. HENRY.

This prosecution was commenced in the County Court, and was carried by appeal to the Circuit Court, where the following complaint (or charge) was filed: "The State of Alabama, by its solicitor, complains of Spencer Colly, that, within twelve months before the commencement of this prosecution, being then in the actual employ of R. H. Bush, he did falsely pretend to him, the said R. H. Bush, with the intent to defraud him, that he would remain with him, the said R. H. Bush, and labor on his farm the whole of the remainder of the year 1876; and, by means of such false pretenses, obtained from him, the said R. H. Bush, goods of the value of ten dollars; and, within about four days after the receipt of the goods, abandoned the premises and employment of the said R. H. Bush, and failed and refused to labor as he represented he would do; against the peace," &c. The defendant demurred to this statement, on the ground that it charged no offense known to the law, and also moved in arrest of judgment on the same ground. The court held the statement sufficient, and therefore overruled the demurrer and the motion in arrest; and these rulings, to which exceptions were reserved by the defendant, are the only matters here urged as error.

W. A. DUKE, for the defendant, cited Bishop on Statutory Crimes, § 451; 2 Bishop's Crim. Law, §§ 397–400; Roscoe's Crim. Ev. (8th ed.) 478–9; 2 Russ. Crimes, 290; *Regina v. Gardner*, 2 Lead. Crim. Cases, 163.

JOHN W. A. SANFORD, Attorney-General, for the State.

[Gray v. The State.]

STONE, J.—The charge, or criminal accusation, on which the appellant was tried and convicted in this cause, is insufficient. It charges no more than the making of a promise, to be performed in the future, which the defendant failed to observe and keep. This falls short of the requirements of section 3714 of the Revised Code. "A false pretense is a false representation, which may be in mere oral words, or it may be in writing, or by signs, or the like, relating to some existing or past fact; and, to be indictable otherwise than as an attempt, it must actually mislead, and so produce such a particular cheat as falls within the words of the statute. A promise, not meant to be kept, is not a false pretense."— Bish. Stat. Crimes, § 451. See, also, 2 Bish. Cr. Law, sections 400 *et seq.* The demurrer interposed to the accusation should have been sustained; and the motion in arrest of judgment should also have been sustained.

Under the facts of this case, the defendant can not be convicted; and we think a remandment of the cause could only result in an increase of expenses, without profit to any one. The judgment of the Circuit Court is reversed, and the prisoner ordered to be discharged from this prosecution.