Argued on demurrer to complaint October 13, decided October 20, 1908.

## Ex parte BIGGS.*

[97 Pac. 713.]

ATTORNEY AND CLIENT—DISBARMENT—CONVICTION—EFFECT—JURISDICTION.

1. Section 1067, subd. 1, B. & C. Comp., provides that an attorney may be disbarred for conviction of any felony or misdemeanor involving moral turpitude, in which case the conviction record is conclusive evidence. *Held*, that a conviction in the Federal court is conclusive evidence warranting disbarment, provided the offense is a felony or misdemeanor involving moral turpitude, as such terms are defined by the State statutes.

CRIMINAL LAW—"FELONY"—"MISDEMEANOR."

2. At common law, "felony" was an offense which occasioned a total forfeiture of land or goods, or both, and a "misdemeanor" was an offense less than a felony. In Oregon, conviction of crime does not work a forfeiture of the defendant's estate, and hence, in the absence of statute, the term "felony" is not descriptive of any offense, but by Section 1230, B. & C. Comp., a felony is defined as a crime punishable by death or imprisonment in the penitentiary, every other offense being declared a "misdemeanor" by Section 1231.

ATTORNEY AND CLIENT—DISBARMENT OF ATTORNEY—FEDERAL CONVICTION—"FELONY"—"MISDEMEANOR."

3. Section 1067, subd. 1, B. & C. Comp., authorizes disbarment on an attorney's conviction of felony or misdemeanor involving moral turpitude, and makes the conviction record conclusive evidence. *Held*, that the words "felony" and "misdemeanor" were used in their statutory sense, and, there being no offense known to the State law as "conspiracy to suborn perjury," an attorney's conviction of such offense in a Federal court was not conclusive evidence, in a disbarment proceeding, of his commission of an act warranting disbarment.

---

* Proceedings dismissed for failure to prosecute, November 17, 1908.

REPORTER.

This is a proceeding by the State of Oregon, on relation of the Grievance Committee of the State Bar Association, for disbarment of Marion R. Biggs, a duly admitted and practicing attorney of this court. The defendant files a demurrer to the information.

SUSTAINED.

*Mr. Ralph B. Fisher,* for plaintiff.

· *Mr. Hollis S. Wilson,* for defendant.

Opinion by MR. CHIEF JUSTICE BEAN.

This is a proceeding for the removal or suspension of an attorney of this court, and is here for hearing on a demurrer to the information. The sole charge is that defendant was tried and convicted in the Federal Court for the District of Oregon for "conspiracy to suborn perjury," and sentenced to the county jail of Multnomah County, which judgment was subsequently affirmed on appeal, and defendant committed to the jail to serve his sentence. There is no averment in the information of the facts constituting the alleged crime, or the nature or character of the offense for which defendant was convicted, other than as above, or that the acts committed by him were such as would justify his removal or suspension, or that he has been guilty of unprofessional or improper conduct, or is in any way unfit to be a member of the bar.

1. The relators rely entirely upon Section 1067, Subd. 1, B. & C. Comp., which provides that an attorney may be removed or suspended "upon his being convicted of any felony or of a misdemeanor involving moral turpitude, in either of which cases the record of his conviction is conclusive evidence." Their position is that the judgment of conviction in the federal court is conclusive evidence against the defendant, without any additional allegation or proof. This is true if the crime for which he was convicted is either a felony or misdemeanor involving moral turpitude, within the meaning

of the statute under which the proceedings were insti-
tuted.    It will be observed that the statute does not
make the conviction of a crime alone conclusive evidence
of the unfitness of an attorney, but only a conviction
of a certain class of crimes, namely, either a felony
or a misdemeanor involving moral turpitude.    Unless,
therefore, the crime comes within the statute, the pro-
vision as to the conclusive effect of the conviction has
no application.

2. Neither the words "felony" or "misdemeanor" of
themselves have any exactness or precision of definition.
At common law felony was an offense which occasioned
a total forfeiture of land or goods, or both (4 Black-
stone Com. 95), and a misdemeanor was an offense less
than felony (2 Abbott's Law Dict. 111).    In this state,
and generally in this country, a conviction of a crime
does not work a forfeiture of the estate of defendant
(Constitution, Oregon, Article I, § 25), and therefore the
word "felony" is of itself, as said by Mr. Chief Justice
AGNEW, "incapable of any definition, and is descriptive
of no offense": Lynch v. Commonwealth, 88 · Pa. 189,
192 (32 Am. Rep. 445).    It is a matter of statutory
provision, and what may be a felony in one jurisdiction
may be a misdemeanor in another, and vice versa, and
in some jurisdictions crimes may not be classified at all.
There is no specific definition of either term in the
Federal Statutes.    In this state a felony is defined as a
crime punishable by death or imprisonment in the peni-
tentiary (Section 1230, B. & C. Comp.), and every other
offense is a misdemeanor (Section 1231).    When the
legislature used the words "felony" and "misdemeanor"
in the disbarment statute, it necessarily intended that
they should be understood as above defined, otherwise
they would have been meaningless and the statute in-
capable of enforcement.

3. Before an attorney can therefore be removed or
suspended, under the provision of the statute invoked in

this case, it must appear that he has been convicted of either a felony or misdemeanor as these terms are defined in our statute, although we do not think it necessary that the conviction be had in a court of this state: *In re Kirby,* 10 S. D. 322, 414 (73 N. W. 92, 907: 39 L. R. A. 856, 859). If the conviction is of an offense which, under the laws of this state, is a felony or a misdemeanor, and if a misdemeanor involving moral turpitude, it is sufficient ground for his removal or suspension, under the provision of the statute, whether such conviction took place here or not. The theory of the statute is that an attorney who is guilty of such an offense is unworthy to be an officer of the court, and that the judgment of conviction is conclusive evidence of such unfitness. But such effect cannot be given to the conviction alone, unless it was either a felony or misdemeanor as defined by the laws of the state. Now "conspiracy to suborn perjury," for which it is charged defendant was convicted in the federal court, is not a crime at all in this state. We have no common-law crimes, and there is no statute creating such an offense. There are the crimes of perjury and subornation of perjury (Section 1875), but a "conspiracy" to commit either of the crimes is not made a substantive offense. It follows, therefore, that the crime for which defendant was convicted is neither a felony nor a misdemeanor within the meaning of the disbarment statute, and he cannot be either removed or suspended on account of such conviction alone. If the crime for which he was convicted was such as to afford ground for his removal or suspension, it should be so alleged in the information and proved on the trial. In such case the judgment of conviction would be evidence, and perhaps conclusive, of his guilt, but the court would not be precluded thereby from inquiring whether the facts demanded his removal or suspension, as it is in case of a conviction for felony or misdemeanor involving moral turpitude. If he is

to be either removed or suspended on account of the proceedings against him in the federal court, it must be because he was, in fact, guilty of improper conduct, and not because of his conviction alone.

The demurrer to the complaint is therefore sustained.

DEMURRER SUSTAINED.