Submitted on demurrer April 24, sustained May 22, 1917.

## STATE EX REL. v. PRENDERGAST.

### (164 Pac. 1178.)

**Attorney and Client—Disbarment Proceedings—Complaint.**

1. In proceedings under Section 1092, subdivision 1, L. O. L., providing that an attorney may be removed or suspended from practice "upon his being convicted of any felony or of a misdemeanor involving moral turpitude," a complaint charging merely that the defendant was convicted in federal court of using the mails to defraud in violation of Penal Code U. S. (Act Cong. March 4, 1909, c. 321, 35 Stat. 1130 [Comp. Stats. 1916, § 10,385]) Section 215, was demurrable in the absence of specific and substantive charge that he actually committed the offense of which he was convicted.

[As to grounds for disbarring an attorney, see note in 45 **Am. St. Rep.** 71.]

Disbarment proceedings in the Supreme Court.

In Banc. Statement by MR. CHIEF JUSTICE MC-BRIDE.

This is a disbarment proceeding instituted by the state upon relation of the grievance committee of the Oregon bar association. The complaint charges, in substance:

"5. That on, to wit, the last day of July, 1916, a Grand Jury, duly empaneled in the District Court of the United States for the District of Oregon, returned an indictment against the said Wm. J. Prendergast for violation of Section 215 of the Federal Penal Code; that in the said indictment it was charged that Wm. J. Prendergast on, to wit, the 9th day of February, 1916, in the City of Portland, in the State and District of Oregon, having devised and intending to devise a scheme and artifice to defraud various and sundry persons named in said indictment, and for the purpose of furthering and executing said scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did knowingly, willfully, unlawfully, and feloniously place and cause to be placed in

the postoffice at Portland, Oregon, certain letters and other mailable matter to the said various and sundry persons therein named, contrary to the form of statute in such case made and provided and against the peace and dignity of the United States of America; and that by means of said scheme and artifice so contrived and conceived the said Wm. J. Prendergast did defraud various and sundry individuals out of money, all contrary to the form of statute in such case made and provided.

"6. That on, to wit, July 6, 1916, Wm. J. Prendergast was arrested on said charge, and at a regular term of the District Court of the United States, for the District of Oregon, held at the Federal Court House in Portland, Oregon, on the 17th day of November, 1916, the said Wm. J. Prendergast was duly and legally tried and convicted of the crime charged in said indictment, to wit, using the mails of the United States to defraud; that judgment was by the said District Court of the United States, for the District of Oregon, pronounced against Wm. J. Prendergast and he was sentenced and ordered to pay a fine of $800; and that on, to wit, the 5th day of February, 1917, the said Wm. J. Prendergast did pay said fine, whereby, and by reason whereof, said judgment of conviction became and is final against the said Wm. J. Prendergast.

"7. That Wm. J. Prendergast has been, by reason of the proceedings herein referred to, convicted of a felony and a crime involving moral turpitude; that by reason of the said conviction the said Wm. J. Prendergast has forfeited all rights to practice in or appear before this or any other court of the State of Oregon; and that the said Wm. J. Prendergast should be required and cited to show cause why he should not be disbarred from further practice before the courts of the State of Oregon, and this court's records purged of his name."

The statute applicable to this subject is found in Section 1092, subd. 1, L. O. L., and provides that an attorney may be removed or suspended from practice

"upon his being convicted of any felony or of a misdemeanor involving moral turpitude, in either of which cases the record of his conviction is conclusive evidence."

The defendant demurs generally to the complaint.

DEMURRER SUSTAINED.

*Mr. Ralph E. Moody,* for defendant.

*Mr. Elton Watkins,* for plaintiff.

Opinion by MR. CHIEF JUSTICE McBRIDE.

The facts recited in the indictment upon which the defendant was convicted indicate that he was guilty of the use of the United States mails with intent to defraud; and while this is an offense against the laws of the United States and is declared to be a felony it is not so under the laws of Oregon. In *Ex parte Biggs,* 52 Or. 433 (97 Pac. 713), it was held that the words "felony" and "misdemeanor" were used in their statutory sense, and that there being no such offense as that of which the defendant was convicted in the federal court an allegation of such trial and conviction was, in the absence of a specific and substantive charge that he actually committed the offense of which he was convicted, insufficient to sustain a charge of violation of Section 1092, subd. 1, L. O. L. The complaint in the matter at bar does not charge the defendant with defrauding or attempting to defraud any one by an unlawful use of the mails, but merely recites that he was so charged in an indictment found in the federal courts. If the same accusation made in the federal court had been made in the complaint in the matter at bar, the record of defendant's conviction would probably be conclusive evi-

dence of his violation of his duty as an attorney, but there would still be open for inquiry the question of the extent of his guilt as a means of determining the nature of the penalty to be imposed. Such seems to be the line of the reasoning adopted by Chief Justice BEAN in *Ex parte Biggs,* 52 Or. 433 (97 Pac. 713), which we follow in this case.

The demurrer will be sustained and the relator will have 30 days within which to file an amended complaint.    DEMURRER SUSTAINED.