In the Matter of BERNARD M. DUBIN, an Attorney, Respondent.

First Department, February 6, 1925.

**Attorney and client — attorney disbarred pursuant to Judiciary Law, § 88, subd. 3, and § 477, following conviction in Federal courts for felony.**

An attorney at law is disbarred pursuant to subdivision 3 of section 88 and section 477 of the Judiciary Law, following his conviction in the Federal courts on the plea of guilty on indictments charging him with the crime of perjury in testimony given by him before a referee in bankruptcy, with the crime of conspiring to conceal assets from a trustee in bankruptcy, and with the crime of concealing assets from a trustee in bankruptcy.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

CLARKE, P. J.:

The respondent was admitted to practice as an attorney and counselor at law in the State of New York in November, 1921,

at a term of the Appellate Division, First Department, and has practiced as such attorney since his admission. It appears by the certificate of the clerk of the United States District Court, Southern District of New York, attached to the petition, that the respondent was indicted by the United States grand jury for the Southern District of New York on the 4th day of February, 1924, charged with the crime of perjury in testimony given by him before a referee in bankruptcy; that thereafter on April 10, 1924, defendant pleaded guilty to the above charge and was on the 2d day of May, 1924, sentenced to fourteen months at the United States Penitentiary at Atlanta, Ga.; that he was also on the 4th day of February, 1924, indicted by the said grand jury charged with the crime of conspiring to conceal the assets from the trustee in bankruptcy of the estate of the Bernard Shirt Company; that thereafter on April 10, 1924, he pleaded guilty to the above charge and was on the 2d day of May, 1924, sentenced to fourteen months in the United States Penitentiary at Atlanta, Ga.; and also on said 4th day of February, 1924, he was indicted by the said grand jury charged with the crime of concealing assets from the trustee in bankruptcy of the estate of the Bernard Shirt Company; and that thereafter on the 10th of April, 1924, he pleaded guilty to the above charge and was on the 2d day of May, 1924, sentenced to fourteen months in the United States Penitentiary at Atlanta, Ga., the said three sentences to run concurrently.

It also appears that he is now serving said sentences in said United States Penitentiary at Atlanta, Ga., and that the notice of petition herein was there served upon him personally.

Section 477 of the Judiciary Law provides that " Any person being an attorney and counsellor-at-law, who shall be convicted of a felony, shall, upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such." Subdivision 3 of section 88 of the Judiciary Law provides that " Whenever any attorney and counsellor-at-law shall be convicted of a felony, there may be presented to the Appellate Division of the Supreme Court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be stricken from the roll of attorneys."

It follows, therefore, that upon the conviction of the felonies as aforesaid, and the sentence adjudged by the court, respondent should be disbarred, and it is so ordered.

DOWLING, MERRELL, FINCH and BURR, JJ., concur.

Respondent disbarred.  Settle order on notice.