(165 So. 259)

STATE ex rel. SANFORD, Solicitor, v. RIDDLE. (7 Div. 484.)

(Supreme Court of Alabama. June 25, 1925.)

1. **Judgment ☞476 — Judgment of conviction in United States District Court having jurisdiction of offense and of accused held not subject to collateral attack.**

A judgment of conviction in United States District Court for a violation of Penal Code, U. S. § 215 (U. S. Comp. St. § 10385), the court having jurisdiction of the offense and of accused, *held* not subject to collateral attack.

2. **Attorney and client ☞51—Solicitor of judicial district held authorized by statute to institute disbarment proceeding against attorney at law.**

Solicitor of judicial district, *held* authorized by Code 1923, § 6258, to institute disbarment proceeding against attorney at law pursuant to sections 6256, 6257.

3. **Attorney and client ☞39—Language of statute making conviction of designated crime ground of disbarment held to include conviction in federal court.**

Code 1923, § 6256, subd. 1, as construed in connection with sections 6243, 6250, 6257, making conviction of certain crimes ground of disbarment, *held* to include conviction in federal court for the state as well as conviction in state court; sections 2575, relating to disqualification to hold public office, and 7407, specifying imprisonment in penitentiary as grounds for divorce, not being applicable by analogy, in view of sections 364, 365, relating to disqualification of voters.

4. **Attorney and client ☞39—Conviction under federal statute by federal court for attempt to defraud by United States mails held ground for suspending attorney.**

Conviction in United States District Court for violation of Penal Code U. S. § 215 (U. S. Comp. St. § 10385), in promoting, through use of United States mails, a conspiracy to obtain money from persons by means of fraudulent representation, *held* ground for disbarment of attorney, under Code 1923, §§ 6256, 6257, 6258, as involving moral turpitude.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Petition by the State of Alabama, on the relation of J. B. Sanford, Solicitor, against D. Henry Riddle. From a judgment for respondent, complainant appeals. Reversed and remanded.

This proceeding is by petition for the disbarment of D. H. Riddle from the practice of law. The petition is as follows:

"Comes the state of Alabama, upon the relation of J. B. Sanford, solicitor of the Seventh judicial circuit, and presents for disbarment D. Henry Riddle, and seeks herein a judgment of this court disbarring the said D. Henry Riddle from the practice of law and removing him as an attorney at law, and as grounds therefor does accuse and charge:

"(1) On the 20th day of August, 1920, the said D. Henry Riddle was and for some years, theretofore had been an attorney at law; that on August 20, 1920, the said D. Henry Riddle was convicted in the District Court of the United States for the Eastern Division of the Northern District of Alabama of a felony other than manslaughter, such felony being violation of section 215 of the Penal Code of the United States.

"Premises considered, your relator prays that notice of this accusation, together with a copy thereof, be served on the said D. Henry Riddle, and that the said D. Henry Riddle be cited to appear before this honorable court, on a day to be named by the judge thereof, then and there to answer this accusation for the suspension or removal of the said D. Henry Riddle."

The respondent, Riddle, challenged the sufficiency of the petition by demurrer, on the grounds, substantially, that it does not show that respondent was convicted for an offense under the laws of Alabama; nor that he was convicted in or by a court of Alabama; nor that the proceeding was instituted in a manner authorized by law.

The demurrer being overruled, respondent filed seven pleas: First, the general issue; second, that no such judgment was rendered by said district court; third, that no such judgment of conviction was rendered by said district court under such circumstances as to give jurisdiction thereof; fourth, (a) that the jury that tried respondent was composed of only 11 men, and (b) that the district judge and an assistant district attorney prepared and caused to be entered a false judgment reciting a trial by 12 jurors; fifth, that certain irregularities and improprieties occurred in the trial proceedings, and that by means of fraudulent practices on the part

of responsible officials of the government a packed jury was obtained of men prejudiced against the respondent, the defendant therein; sixth, that respondent was not guilty of the offense of which he was ostensibly convicted in the district court; and, seventh, that the complainant herein is barred by the statute of limitations of one year.

The state's demurrers were sustained to each of these pleas, except the general issue, upon which the trial was had. The state introduced in evidence a certified copy of the proceedings in the district court of the Eastern division of the Northern district of Alabama, in the case of United States v. D. H. Riddle et al., including the indictment by the federal grand jury, the procedure leading up to the trial, and the verdict and judgment of conviction, and the sentence. The indictment is in seven counts, and counts 2, 4, and 5, under which conviction was had, charge that the defendant Riddle and his codefendants used the United States mails in promotion of a conspiracy between them to obtain money from sundry persons living in North Carolina or elsewhere, by means of false and fraudulent representations, pretenses, and promises—specifically, as to the weight and quality of cotton sold to said persons. The minutes of the court recite:

"To try this cause came a jury of good and lawful men duly impaneled, sworn, and charged a true verdict to render according to the law and evidence."

The judgment entry shows that the defendant, Riddle, was sentenced to imprisonment in the United States penitentiary at Atlanta for three terms, of 13 months each, under counts 2, 4, and 5, respectively, with fines of $1,000 and $10,000 under counts 2 and 5, respectively. The trial court rejected all the evidence offered by respondent in impeachment of the judgment of conviction, but on request gave the general affirmative charge for the respondent. There followed accordingly a verdict and judgment for respondent, and the state appeals.

Harwell G. Davis, Atty. Gen., J. B. Sanford, Sol., of Talladega, Alex Pitts, of Selma, and James J. Mayfield, of Montgomery, for the State.

Conviction in a federal court of crime involving moral turpitude is comprehended by the statute. Code 1923, §§ 6243, 6250, 6256, 6257. The object of disbarring attorneys is to remove from the profession those whose conduct has proven them unfit to be intrusted with the duties and responsibilities of the office. Wernimont v. State, 101 Ark. 210, 142 S. W. 194, Ann. Cas. 1913D, 1156; In re Kirby, 10 S. D. 322, 414, 73 N. W. 92, 907, 39 L. R. A. 856, 859; 18 Colo. 237, 32 P. 424, 36 Am. St. Rep. 274; 230 Ill. 208, 82 N. E. 612, 120 Am. St. Rep. 287; 105 Cal. 471, 38

P. 511, 884, 45 Am. St. Rep. 74; 2 Thornton, Attys. at Law, 762, 1210. An attorney may be disbarred for conviction in a federal court or another state court. 214 Ill. 569, 73 N. E. 737, 69 L. R. A. 701; 230 Ill. 208, 22 N. E. 612, 120 Am. St. Rep. 287; 150 N. C. 44, 63 S. E. 190, 19 L. R. A. (N. S.) 892, 17 Ann. Cas. 599; In re Kirby, supra; 29 Or. 18, 43 P. 651, 54 Am. St. Rep. 772; 105 Cal. 471, 38 P. 511, 884, 45 Am. St. Rep. 77; 15 Idaho, 755, 99 P. 1054, 21 L. R. A. (N. S.) 207; Cross v. N. C., 132 U. S. 131, 10 S. Ct. 47, 33 L. Ed. 287; U. S. v. Marigold, 9 How. 561, 13 L. Ed. 257; Fox v. Ohio, 5 How. 410, 12 L. Ed. 213; Ex parte Siebold, 100 U. S. 371, 25 L. Ed. 717; In re Hopkins, 54 Wash. 569, 103 P. 805; Kristeller's Case, 154 App. Div. 556, 139 N. Y. S. 64. The acts for which respondent was convicted constituted offenses against the state laws. Code 1923, §§ 4131, 4133, 3571. The case of Matter of Ebbs, 150 N. C. 44, 63 S. E. 190, 19 L. R. A. (N. S.) 892, 17 Ann. Cas. 592, is not sound, and should not be followed.

L. H. Ellis, of Columbiana, for appellee.

A state statute, which provides that an attorney must be disbarred upon being convicted of a felony or of a misdemeanor involving moral turpitude, and making such judgment of conviction conclusive, has no extraterritorial effect, and is applicable alone to a conviction had in a court of said state. Matter of Ebbs, 150 N. C. 44, 63 S. E. 190, 19 L. R. A. (N. S.) 892, 17 Ann. Cas. 592; In re Biggs, 52 Or. 437, 97 P. 713; Ex parte Quarrier, 2 W. Va. 569; Huntington v. Attrill, 146 U. S. 657, 13 S. Ct. 224, 36 L. Ed. 1123; Logan v. U. S., 144 U. S. 263, 12 S. Ct. 617, 36 L. Ed. 429; Sims v. Sims, 75 N. Y. 466; In re Kirby, 10 S. D. 322, 414, 73 N. W. 92, 907, 39 L. R. A. 856, 859. A statute disqualifying persons convicted of felony as witnesses extends only to convictions in a court of the state where the law exists. Logan v. U. S., supra; Comm. v. Green, 17 Mass. 515; Chase v. Blodgett, 10 N. H. 22; Nat. Tr. Co. v. Roberts, 42 N. Y. Super. Ct. 100; National Trust Co. v. Gleason, 77 N. Y. 400, 33 Am. Rep. 632; Uhl v. Com. 6 Grat. (47 Va.) 706; 1 Greenleaf (16th Ed.) 516. It is not the province of courts to enact laws, or to extend them beyond the legislative intent. 1 Mayfield's Dig. 842; Rose v. Lampley, 146 Ala. 445, 41 So. 521.

SOMERVILLE, J. [1] The judgment of conviction exhibited by the state against the respondent in this proceeding is not subject to collateral impeachment. The United States District Court had jurisdiction of the offense under section 215 of the United States Penal Code (U. S. Comp. St. § 10385), and the record shows that it had jurisdiction of the respondent [defendant there] by virtue of an indictment regularly found. The subsequent irregularities complained of, and

sought to be shown by evidence dehors the record, would have been proper matters to be considered on appeal, if properly shown, but cannot avail on collateral attack.

[2] Under section 6258, Code 1923 (section 2993, Code 1907), "the proceedings to remove or suspend an attorney, as provided for in the last two sections [sections 6256, 6257], may be taken by the court of its own motion, or upon the motion of any third party." This proceeding was therefore properly brought by the solicitor of the circuit, and his authority cannot be challenged. The state is proceeding under subdivision 1 of section 6256 of the Code, which provides:

"An attorney must be removed for the following causes by the circuit court: 1. Upon his being convicted of a felony other than manslaughter, or of a misdemeanor involving moral turpitude; in either of which cases the record of his conviction is conclusive evidence."

The policy of the statute is plain: When an attorney has been convicted of any criminal offense within the classes specified, the *fact of conviction* renders him an undesirable member of the legal profession, and, though he may in fact be innocent of the crime for which he has been convicted, the welfare of the profession, and the preservation of the public confidence in its honor and integrity, demand the removal of the convicted attorney from his position of trust and responsibility. There is no dispute in the evidence that was before the trial court

[3] As we view the case, the issue depends upon two questions of law: (1) Does the disbarment provision contemplate a conviction in any court within the state, whether state or federal; or must it be construed as meaning a conviction in a state court only? (2) If it embraces federal court convictions, must the conviction be for an offense punishable eo nomine under the laws of the state? Or is the conviction within the contemplation of the statute if the offense though not punishable eo nomine under the laws of the state, nevertheless comprehends an offense involving moral turpitude under those laws?

1. In matter of Ebbs, 150 N. C. 44, 63 S. E. 190, 19 L. R. A. (N. S.) 892, 17 Ann. Cas. 592, it was held by a bare majority of the court that, under a statute substantially like ours, an attorney could not be disbarred "because he has been convicted in the courts of another state or of the United States." In that case the conviction was in a United States District Court *in Louisiana*, and hence the question here presented was not before the North Carolina court. The reasoning in that case is, however, not at all convincing, and it has never been followed by any other court, so far as we are advised. Though the record does not show the theory upon which the trial judge instructed the jury to find

for the respondent, we infer from the arguments of counsel that he was influenced to that conclusion by the Ebbs Case, supra.

In support of that view counsel for respondent call attention to some supposedly supporting analogies: (1) That under statutes which disqualify witnesses on account of their conviction of perjury or other crimes, some courts have held that convictions in the courts of other states were not within the statutes (Com. v. Green, 17 Mass. 515; National Trust Co. v. Gleason, 77 N. Y. 400, 33 Am. Rep. 632; Sims v. Sims, 75 N. Y. 466); (2) that in declaring who are ineligible to public office in Alabama, the statute (section 2575, Code 1923) specifies those who have been convicted of certain crimes, "or any other crime punishable by imprisonment in the state or federal penitentiary," thus indicating the necessity of expressly including convictions in the federal courts; and (3) that one of the statutory grounds for divorce in Alabama (section 7407, Code 1923) is "imprisonment in the penitentiary of this or any other state, for two years," thus again indicating the necessity of specifying other jurisdictions, when they are to be included in the operation of the statute.

As to the first suggestion, the analogy fails because the principle invoked involves convictions in *other states*, and not in federal courts of the *same state*. It is to be noted, also, that the reason given for the rule is that the disqualification of a witness is in the nature of a penalty, and penalties of that sort can have no exterritorial operation. That reasoning is, we think, faulty, and loses sight of the main purpose of the disqualification, the protection of litigants or defendants against probably perjured testimony. Taylor v. State, 62 Ala. 164. Four courts seem to have held to the contrary. Chase v. Blodgett, 10 N. H. 24; State v. Foley, 15 Nev. 64, 37 Am. Rep. 458; State v. Candler, 10 N. C. 393; Day v. Lusk (Mo. Sup.) 219 S. W. 597. The question was mooted in one of our early cases, but its decision was expressly pretermitted. Campbell v. State, 23 Ala. 44, 73.

The second and third suggestions are, as arguments, not entirely without force in the ascertainment of the legislative intent in the framing of other statutes imposing penalties or disqualifications for conviction of crime. But this force is weakened, in view of the fact that section 364, Code 1923, provides for the disqualification of voters who are "convicted" of certain crimes; and section 365, following, incidentally recognizes, in declaring the effect of pardon by the governor, that section 364 included convictions in either the state or federal court, though it did not mention the latter.

In this connection it may be noted that the Kentucky court has held that a conviction of crime in a federal court will exclude the con-

victed person from holding office in that state the same as if convicted in a state court, under a constitutional provision visiting that result upon a "conviction," though it did not expressly mention federal courts. Cowan v. Prowse, 93 Ky. 156, 171, 19 S. W. 407. To the same effect see Jones v. Board of Registrars, 56 Miss. 766, 31 Am. Rep. 385. The case of Ex parte Quarrier, 2 W. Va. 569, did not involve the effect of a conviction in a federal court; it expressly appearing that the applicant for admission to the bar had not been convicted of treason, and had been granted complete amnesty by the federal government, and the case is not at all in point.

Turning, now, to the adjudications opposed to respondent's contention, we find that six state courts have specifically held, in proceedings for disbarment under statutes substantially like or identical with ours, that conviction of any of the designated crimes in a federal court is within the terms of the state disbarment statute:

California.—In re O'Connell, 184 Cal. 584, 194 P. 1010 (conspiracy to violate the United States Espionage Act); In re Crane, 189 P. 1072 (using the United States mails to defraud); Barnes v. District Court of Appeals, 178 Cal. 500, 173 P. 1100 (mailing obscene and lascivious letter); In re Shepard, 35 Cal. App. 492, 170 P. 442 (conspiring to smuggle opium into United States).

Idaho.—In re Kerl, 32 Idaho, 737, 188 P. 40, 8 A. L. R. 1259 (disloyal acts while country at war); In re Hofstede, 31 Idaho, 448, 173 P. 1087 (obstructing registration for military service during war).

New York.—In re Hodgskin, 193 App. Div. 217, 183 N. Y. S. 401 (conspiracy to commit felony under section 37 of United States Criminal Code); In re Lindheim, 195 App. Div. 827, 187 N. Y. S. 211 (conspiracy to defraud United States); In re Roth, 210 App. Div. 487, 206 N. Y. S. 232 (extortion—crime and conviction in California); In re Dubin, 211 App. Div. 644, 208 N. Y. S. 125 (perjury in bankruptcy court).

Oregon.—Ex parte Biggs, 52 Or. 433, 97 P. 713 (limited to conviction of offense punishable under state laws); State ex rel. Grievance Committee Oregon Bar Ass'n v. Woerndle, 109 Or. 461, 209 P. 604, 220 P. 744 (perjured affidavit to secure passport to Germany).

South Dakota.—In re Kirby, 10 S. D. 322, 414, 73 N. W. 92, 907, 39 L. R. A. 856, 859 (conviction in United States District Court).

Washington.—In re Hopkins, 54 Wash. 569, 103 P. 805 (offense against pension laws of United States); In re Wells, 121 Wash. 68, 208 P. 25 (conspiracy to oppose operation of war measures); In re Comyns, 232 P. 269 (using United States mails to obtain property under false pretenses).

See, also, as in accord with the principle of the above cases: People v. Gilmore, 214

213 ALA.—28

Ill. 569, 73 N. E. 737, 69 L. R. A. 701 (conviction in Missouri); In re Margolis, 269 Pa. 206, 112 A. 479, 12 A. L. R. 1186 (violation of United States Draft Act [U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, §§ 2044a–2044k]).

In Barnes v. District Court of Appeals, supra, the Supreme Court of California said:

"The reasons which induced the Legislature to prescribe this as a ground for disbarment are as potent when applied to a conviction in a court of another state, or in a court of the United States, as when applied to a conviction in the courts of this state. It was not because of the particular court which adjudges the attorney guilty, or the place where it sits, * * * but because of the bad moral character of such attorney, which the Legislature deemed was conclusively proved by such record of conviction. No reason appears for the conclusion that the section should be held to apply only to convictions in the courts of this state."

Other cases are cited in the briefs of counsel, but our examination of them does not indicate that they are sufficiently in point to merit their review in this opinion. But, apart from the question of authoritative precedents, we think that when section 6256 is construed in connection with its cognate sections 6257, 6243, and 6250, it becomes entirely clear that the ground of disbarment intended is a conviction in either the state or the federal court.

Section 6243 requires every attorney to take an oath that he will support the Constitution of the state of Alabama and of the United States. Section 6250 prescribes it as the first duty of an attorney "to support the Constitution and laws of this state, and of the United States." Section 6257 provides that an attorney may be removed or suspended:

"3. For a willful violation of any of the provisions of section 6250 or section 6251"—including any willful violation of state or federal laws.

In these provisions the Legislature has made no distinction, as to an attorney's duty to honor and obey them, between state and federal laws. The federal courts in Alabama are not foreign courts. They are an integral part of the judicial structure of the state, less important to the people than state courts, because more limited in their field of operation, but of equal honor and dignity. Their juries are drawn from the same citizenry, and their rules of evidence and procedure for the most part follow those of the state.

Looking to the manifest purpose of this statute (section 6256) and its several cognate sections, we cannot reasonably conclude that the disbarment provided for is to be the result of conviction only in the courts of the state of Alabama, and that no such result is to follow a conviction in the federal courts

established and sitting in Alabama. We can recognize no difference between the moral effects of a conviction in either court. If any attorney should be convicted of violating a federal statute, in a federal court, the offense involving any of the elements of moral turpitude, it is inconceivable that the effect upon him, or upon his professional fitness and standing, should be different from that resulting from a similar conviction in a court of the state. And, if analogies are to be examined, it would be a strange thing for the right to vote and the right to hold office—rights of the highest dignity and importance to every citizen—to be taken away from citizens of Alabama who have been convicted in a federal court of treason, felony, or any crime involving moral turpitude, and yet such convictions be intended to be excluded from consideration in determining what shall be sufficient to disqualify a citizen from pursuing a profession founded essentially on honor, confidence and trust.

The language of section 6256 is general, and, in common understanding, as well as for fitness for the purpose in view, it must include convictions in federal as well as in state courts; and this is in harmony with the great weight of reason and authority. We do not decide whether or not a conviction of crime in another state, or in foreign territory, would come within the terms of our statute, because that question is not now presented.

[4] As to the nature of the offense for which the respondent was convicted in the federal court, we think that opinions can scarcely differ. Very clearly it involves the elements of moral turpitude. The charge was framed under section 215 of the United States Penal Code, and there could have been no conviction, except upon proof of false and fraudulent representations by the defendant made in writing to a third person for the purpose of obtaining money from him. This act, whether it actually resulted in so obtaining the money or not, was of itself a distinct offense under the laws of Alabama, for which he could have been indicted and convicted in any court of the state having jurisdiction. Section 4131, Code 1923; White v. State, 86 Ala. 69, 5 So. 674; Colly v. State, 55 Ala. 85; 25 Corp. Jur. 637, § 73. It is of no consequence that the offense charged was an attempt to defraud by the use of the United States mails, for the attempt was a crime whatever agency was used in its perpetration. So, also, the conspiracy charged was itself a misdemeanor under the laws of Alabama, though no overt act had been done towards its accomplishment (Thompson v. State, 106 Ala. 67, 17 So. 512), and it also involved moral turpitude per se.

The latest decision on this subject is In re Comyns (Wash.) 232 P. 269. The respondent therein, as here, was convicted in a fed-

eral court of violating section 215 of the United States Penal Code, by using the mails for the purpose of obtaining property by false pretenses. The court said:

"It is claimed by respondent that the crime of which he was convicted does not constitute either a felony or a misdemeanor under the statutes of this state, and therefore the record of his conviction in the United States court is not sufficient evidence to justify the board in disbarring him from the practice of law. Respondent contends that the Legislature, in using the words 'felony' or 'misdemeanor' involving moral turpitude, meant only an offense that is a felony or misdemeanor under the statute of this state, and not a felony or misdemeanor as defined by the laws of a sister state, or by the laws of the United States. Our attention has been called to the following cases supporting the theory of respondent: State ex rel. Grievance Committee v. Biggs, 52 Or. 433, 97 P. 713; In re Ebbs, 150 N. C. 44, 63 S. E. 190, 19 L. R. A. (N. S.) 892, 17 Ann. Cas. 592. In these cases the offense constituting the crime was not a crime under the statute of the state in which the disbarment proceedings were pending. Respondent in this case was charged with using the mails of the United States for the purpose of obtaining property under false pretenses. The law of this state makes it a felony to obtain the property of another under a fraudulent or false representation, as follows: [Setting out the statute.]"

The court then shows that an attempt to commit that offense is also a crime under the laws of the state, and that it clearly involved moral turpitude, and the disbarment was sustained solely on the record of the conviction.

The statute does not require that the disbarment conviction shall be for an offense punishable eo nomine under the laws of Alabama. The requirement is merely that it involve—that is, embrace—moral turpitude as one of its essential elements. In Ex parte Biggs, 52 Or. 433, 97 P. 713, which was a disbarment proceeding under a statutory provision the same as ours, the court said:

"Before an attorney can * * * be removed or suspended under the provision of the statute invoked in this case, it must appear that he has been convicted of either a felony or misdemeanor as these terms are defined in our statute, although we do not think it necessary that the conviction be had in a court of this state: In re Kirby, 10 S. D. 322, 414, 73 N. W. 92, 907, 39 L. R. A. 856, 859. If the conviction is of an offense which, under the laws of this state, is a felony or a misdemeanor, and if a misdemeanor involving moral turpitude, it is sufficient ground for his removal or suspension, under the provision of the statute, whether such conviction took place here or not. The theory of the statute is that an attorney who is guilty of such an offense is unworthy to be an officer of the court, and that the judgment of conviction is conclusive evidence of such unfitness. But such effect cannot be given to the conviction alone, unless it was either a

felony or misdemeanor *as defined by the laws of the state.* Now 'conspiracy to suborn perjury,' for which it is charged defendant was convicted in the federal court, is not a crime at all in this state. We have no common-law crimes, and there is no statute creating such an offense. * * * It follows, therefore, that the crime for which defendant was convicted is neither a felony nor a misdemeanor within the meaning of the disbarment statute, and he cannot be either removed or suspended on account of such conviction alone." (Italics supplied.)

This decision is not in conflict with what we have written, but, on the contrary, fully sustains us. It results, from the foregoing conclusions of law, that the trial court erred in the instruction given to the jury, and the judgment must be reversed, and the cause remanded for another trial.

Reversed and remanded.

All the Justices concur.