Argued June 18; petitioner disbarred June 25, 1940

# In re ANKELIS

(103 P. (2d) 715)

In Banc.

*George Mowry*, of Portland, for petitioner.

*Joseph H. Page*, of Portland, for Oregon State Bar.

BAILEY, J. On April 26, 1939, Oregon State Bar filed an amended complaint accusing I. G. Ankelis of unprofessional conduct as an attorney at law and asking that he be permanently disbarred from the practice of law in the state of Oregon.

After setting forth that Ankelis is an attorney at law, duly admitted by the supreme court to practice law in this state, the amended complaint contains the following allegations: that on December 2, 1938, an indictment was returned by the United States grand jury in the district court of the United States for the district of Oregon charging Ankelis with the crime of "knowingly and feloniously conspiring to conceal and harbor Anthony Garguilo, alias Charles McCullough, for whose arrest a warrant and process under a law of the United States of America had theretofore been issued, knowing that said process had been issued," and the crime of "unlawfully and knowingly harboring and concealing Anthony Garguilo, alias Charles Mc-Cullough, so as to prevent his discovery and arrest, having notice and knowledge of the fact that such warrant and process had issued under the law of the United States of America." A trial was had and Ankelis was found guilty of the crimes for which he was indicted and was thereafter sentenced to serve a term of one year and one day in a federal penitentiary for the first offense mentioned and a term of six months for the second, the sentences to run successively.

As a second charge of unprofessional conduct the amended complaint alleges that on August 31, 1938, Ankelis was indicted by the United States grand jury in the district court of the United States for the eastern district of Washington, northern division, "for violation of sections 408a, 408b, Title 18, U. S. C. A., said indictment charging that said I. G. Ankelis and Anthony Garguilo, alias Tony Garguilo, alias Charles McCullough, and Lee Wallace Tombleson, alias Red Hanson, did wilfully, unlawfully and feloniously enter into an agreement, confederation, and conspiracy to

violate the provisions of sections 408a and 408b of Title 18, U. S. C. A., to-wit, to unlawfully seize, inveigle, kidnap, abduct and carry away one Thomas Lowe and hold him for reward and for the purpose of extorting from him, the said Thomas Lowe, a large sum of money, and to transport the said Thomas Lowe in interstate commerce.'' To that indictment Ankelis pleaded guilty and thereafter was sentenced by the court to serve a term of imprisonment for a term of thirteen months in a federal penitentiary, such sentence to run concurrently with those imposed by the United States district court for the district of Oregon.

The amended complaint further alleges that Ankelis was guilty of each of the crimes and offenses hereinabove mentioned and that each of such crimes and offenses involved moral turpitude and rendered Ankelis unfit to be a member of the bar.

The answer admits the allegations of the amended complaint filed against Ankelis except that it denies that the accused is guilty of the crimes and offenses therein set forth and denies that such crimes and offenses involved moral turpitude and rendered him unfit to be a member of the bar.

As an affirmative answer to the first cause set out in the amended complaint, Ankelis alleges that he is innocent of the crimes mentioned therein and that, based upon what he asserts to have been the uncontroverted facts before the jury, he was entitled to a directed verdict of acquittal in the federal court. Attached to this answer is a copy of the brief filed by Ankelis in support of his motion for a new trial in that court, in which brief is set forth his version of the facts in the case and the law thereto applicable.

Affirmatively answering the second cause of complaint, Ankelis alleges that due to his conviction in the federal court for the district of Oregon and his financial inability to appeal from that judgment he felt constrained to, and did, plead guilty and "throw himself upon the mercy of the district court" in the state of Washington.

Ankelis also avers that he is serving a term of imprisonment in the United States penitentiary on Mc-Neil Island and that the hearing of charges preferred against him should be postponed in order that he may have an opportunity to appear in person at such hearing and present his defense.

The accused, I. G. Ankelis, was admitted to practice before the supreme court on examination September 28, 1926. On November 20, 1934, he resigned, and on September 24 of the following year he was reinstated "as an attorney in all the courts of the state of Oregon for two years as a probationary period", to quote the journal of this court.

The trial committee of Oregon State Bar before which a hearing was had found that Ankelis was guilty of the charges contained in the amended complaint and recommended to the board of governors that he be permanently disbarred. The board of governors, after hearing oral argument by counsel for Ankelis and after considering the record and the findings and recommendation of the trial committee, likewise found the accused guilty of the charges preferred against him and recommended his permanent disbarment.

Section 32-502, Oregon Code 1930, provides in part as follows:

"An attorney may be removed or suspended by the supreme court for either of the following causes, arising after his admission to practice:—

"1. Upon his being convicted of any felony or of a misdemeanor involving moral turpitude, in either of which cases the record of his conviction is conclusive evidence".

It is argued by counsel for the accused that since Ankelis was not convicted of violation of any law of this state the record of his conviction of violation of federal statutes is not conclusive evidence of his guilt in a proceeding of this nature. *Ex parte Biggs,* 52 Or. 433, 97 P. 713, and *State v. Prendergast,* 84 Or. 307, 164 P. 1178, are relied upon by the accused as authority for this contention.

In the Biggs case proceedings were instituted against Marion R. Biggs for his disbarment or suspension as an attorney of this court. The sole charge against him was that in the federal district court for the district of Oregon he had been charged with, and convicted of, "conspiracy to suborn perjury". A demurrer was filed to the complaint in the disbarment proceeding and was sustained by the supreme court. The relators contended that the judgment of conviction in the federal court was, by virtue of Oregon statute (now § 32-502, *supra*), "conclusive evidence against the defendant without any additional allegation or proof". The opinion therein answered that argument as follows:

"This is true, if the crime for which he was convicted is either a felony or misdemeanor involving moral turpitude, within the meaning of the statute under which the proceedings were instituted. It will be observed that the statute does not make the conviction of a crime alone conclusive evidence of the unfitness of an attorney, but only a conviction of a certain class of crimes, namely, either a felony or a misdemeanor involving moral turpitude. Unless, therefore, the crime comes within the statute, the provision as to

the conclusive effect of the conviction has no application."

■ The court then notes that the words "felony" and "misdemeanor" do not of themselves have any exactness or precision of definition. After referring to what constituted felony at common law the opinion thus continues:

"It is a matter of statutory provision, and what may be a felony in one jurisdiction may be a misdemeanor in another, and *vice versa,* and in some jurisdictions crimes may not be classified at all. There is no specific definition of either term in the federal statutes. In this state a felony is defined as a crime punishable by death or imprisonment in the penitentiary (section 1230, B. & C. Comp.), and every other offense is a misdemeanor (section 1231). When the legislature used the words 'felony' and 'misdemeanor' in the disbarment statute, it necessarily intended that they should be understood as above defined, otherwise they would have been meaningless and the statute incapable of enforcement."

Further, the court states:

"Before an attorney can therefore be removed or suspended, under the provision of the statute invoked in this case, it must appear that he has been convicted of either a felony or misdemeanor as these terms are defined in our statute, although we do not think it necessary that the conviction be had in a court of this state: In re Kirby, 10 S. D. 322, 414 (73 N. W. 92, 907: 39 L. R. A. 856, 859). If the conviction is of an offense which, under the laws of this state, is a felony or a misdemeanor, and if a misdemeanor involving moral turpitude, it is sufficient ground for his removal or suspension, under the provision of the statute, whether such conviction took place here or not."

It is then pointed out that the accused was convicted in the federal court of the crime of conspiracy to suborn

perjury, which was not a crime in this state, and that he could not "be either removed or suspended on account of such conviction alone." The opinion further observes:

"If the crime of which he was convicted was such as to afford ground for his removal or suspension, it should be so alleged in the information and proved on the trial. In such case the judgment of conviction would be evidence, and perhaps conclusive, of his guilt, but the court would not be precluded thereby from inquiring whether the facts demanded his removal or suspension, as it is in case of a conviction for felony or misdemeanor involving moral turpitude. If he is to be either removed or suspended on account of the proceedings against him in the federal court, it must be because he was, in fact, guilty of improper conduct, and not because of his conviction alone."

In *State v. Prendergast,* supra, the complaint charged that Prendergast had been found guilty of use of the mails with intent to defraud. In its decision therein this court pointed out the meaning which the words "felony" and "misdemeanor" were given in the statute hereinabove quoted, and directed attention to the fact that although the offense of which the accused had been convicted in the federal court was one declared to be a felony under the laws of the United States, it was not so under the laws of Oregon. The opinion concludes as follows:

"The complaint in the matter at bar does not charge the defendant with defrauding or attempting to defraud any one by an unlawful use of the mails, but merely recites that he was so charged in an indictment found in the federal courts. If the same accusation made in the federal court had been made in the complaint in the matter at bar, the record of defendant's conviction would probably be conclusive evidence of his violation of his duty as an attorney, but there would

still be open for inquiry the question of the extent of his guilt as a means of determining the nature of the penalty to be imposed. Such seems to be the line of the reasoning adopted by Chief Justice Bean in Ex Parte Biggs, 52 Or. 433 (97 Pac. 713), which we follow in this case."

In both proceedings above reviewed it was attempted to have an attorney removed or suspended from the practice of law solely on the ground that he had been convicted of an offense prohibited by federal statute but not an offense under the laws of the state of Oregon. The crime of which the attorney was convicted was, as held by this court in each of those decisions, not a felony or a misdemeanor involving moral turpitude within the meaning of "felony" and "misdemeanor" as used in the Oregon statute above quoted.

■ In the instant case, Ankelis was convicted on his plea of guilty of the crime of conspiracy to violate the federal statute prohibiting kidnapping. The crime with which he was charged and of which he was convicted was committed in 1938, prior to August 31 of that year. There was then in force in this state a statute making it a felony to kidnap or to conspire to kidnap: Oregon Laws 1935, chapter 372 (§§ 14-235a and 14-235b, Oregon Code Supplement 1935). The crime of which Ankelis was convicted in the United States district court for the eastern district of Washington, northern division, was a felony within the meaning of § 32-502, *supra*, and a certified copy of the judgment of his conviction and commitment is conclusive evidence of his guilt.

Ankelis was charged in the federal court for the district of Oregon with concealing and harboring, and conspiring to conceal and harbor, Anthony Garguilo, for whose arrest a warrant and process under the laws

of the United States had theretofore been issued. There is no law of the state of Oregon, so far as we have been able to ascertain, which makes the offense of which Ankelis was convicted in the federal court for the district of Oregon either a felony or a misdemeanor.

Section 32-501, Oregon Code 1930, reads as follows:

"Any member of the bar of this state shall be disbarred by the supreme court, upon proper proceedings for that purpose, whenever it shall appear to that court that his conduct has been such that if he were then applying for admission to the bar his application should be denied."

In the amended complaint filed against Ankelis, in addition to the averment that he was indicted for and convicted of certain offenses under the federal laws, it is alleged that he was guilty of each thereof and that each of such crimes or offenses involved moral turpitude "and rendered said I. G. Ankelis unfit to be a member of the bar, and that by virtue of the foregoing his conduct has been such that if he were now applying for admission to the bar his application should be denied." This latter allegation was undoubtedly inserted in the amended complaint in order to obviate the defect in pleading pointed out by this court in *Ex parte Biggs*, supra, and *State v. Prendergast*, supra.

The record of the conviction of Ankelis in the federal court in Oregon is evidence, and we believe conclusive evidence, that he is guilty of the offenses with which he was there charged. His acts in concealing or harboring and conspiring to conceal or harbor Garguilo, for whose arrest a warrant had been issued, constituted such conduct as to require, if Ankelis were now applying for admission to the bar, that his application be denied.

We have above pointed out that Ankelis was convicted in the federal court in the state of Washington of a crime which is made a felony by our statutes, §§ 14-235a and 14-235b, *supra*, which conviction is ground for his removal or suspension from the practice of law in this state, by force of § 32-502, *supra*.

It is urged by counsel for the accused that the trial committee should have postponed the hearing on the charges preferred against Ankelis, for the reason that he was confined in a federal penitentiary and was unable to be present in person on the date set for the hearing. Section 32-126, Oregon Code Supplement 1935, enacted as § 18 of chapter 28, Oregon Laws 1935, which chapter provides for the organization, government, membership and powers of the Oregon State Bar, reads as follows:

"Any person complained against, as herein provided, shall be given reasonable written notice and a copy of the charge against him and have a reasonable opportunity and right to defend against the charge by the introduction of evidence and the right to be represented by counsel, and to examine and cross-examine witnesses. He also shall have the right to the issuance of subpoenas for attendance of witnesses to appear and testify or produce books and papers, as above provided."

The original complaint herein was served on Ankelis personally, and after his attorney had appeared and filed an answer to that complaint the amended complaint was filed and served upon such attorney. This attorney appeared at the hearing before the trial committee, but Ankelis, because of being incarcerated in a federal penitentiary, was not present. The trial committee, as well as the board of governors of Oregon State Bar, took the position that Ankelis had been af-

forded an opportunity to be present, in that he had been served with a copy of the charge against him and given notice of the time and place of the hearing.

It is urged by counsel for Ankelis that the construction placed upon § 32-126, *supra*, by the trial committee and the board of governors rendered that section unconstitutional as depriving the accused of a property right without due process of law, in contravention of the fourteenth amendment of the constitution of the United States, by denying him the right to be present in person at the hearing.

In the case of *Re Collins*, 188 Cal. 701, 206 P. 990, 32 A. L. R. 1062, a question arose as to the constitutionality of an act of the state of California providing for automatically striking the name of an attorney from the rolls upon his conviction of a felony or of a misdemeanor involving moral turpitude. It was there urged by the disbarred attorney that he was deprived of a valuable property right without an opportunity to be heard. After reviewing many authorities, the court held that the act was constitutional. In that connection the court said:

"In this view of the matter the essential fact, working a deprivation of the petitioner's right and privilege of continuing in the practice of his profession, was not his conviction of a crime, nor was it the order of this court made automatically upon the receipt of the record of such conviction, but it was his violation of the law in the commission of said crime; and as to that he had his day in court when he was put to trial for and convicted of the commission of such crime."

■■ The disbarment of an attorney at law is not a criminal action, but is a proceeding *sui generis*: *State ex rel. v. Arnold*, 145 Or. 634, 639, 28 P. (2d) 846. There is no provision in either the state or the federal con-

stitution which assures to an attorney the right to be present in person in proceedings for his disbarment. The imprisonment of Ankelis could not prevent the institution of proceedings against him or require postponement of the hearing. Nor did such imprisonment prevent him from defending: 13 C. J., page 918, § 11; 18 C. J. S., "Convicts", § 8(b). His inability to be present in person at the hearing was one of the consequences of his commission of crime.

■ The accused has been convicted of a crime which is a felony under the laws of this state, and his conduct in other respects has been such as would preclude him from being admitted to the bar, were he now an applicant: *State ex rel. v. Arnold,* supra. It is therefore ordered that I. G. Ankelis be permanently disbarred from the practice of law in the state of Oregon.

■ There has been filed in this court in this proceeding the petition of Oregon State Bar that it be allowed judgment against Ankelis for certain disbursements incurred by it in the prosecution of this proceeding. A similar request was made in a previous disbarment proceeding and Oregon State Bar was asked to point to some statutory provision or adjudication permitting the entry of judgment for such disbursements in this court. We know of no statute or rule of court providing for the allowance of costs or disbursements in disbarment proceedings and Oregon State Bar has cited none. There is authority to the effect that in the absence of statutory provision therefor, costs in disbarment proceedings should not be allowed: *In re Marron and Wood,* 22 N. M. 501, 165 P. 216; *State v. Fisher,* 82 Neb. 361, 117 N. W. 882; *In re Watt and Dohan,* 154 Fed. 678. The request for costs is therefore denied.

Rossman, Kelly, Belt and Lusk, JJ., concur.