## In re DISBARMENT OF CONNELL.

No. 9212—Opinion Filed Sept. 14, 1920.

(Syllabus by the Court.)

1. **Attorney and Client—Disbarment Proceeding—Nature of Action—Sufficiency of Evidence.**

The summary proceedings to disbar an attorney is a civil and not a criminal action, but more than a preponderance of the evidence is required. His guilt must be clearly established.

2. **Same—Judgment—Reprimand.**

We have examined the record of this case, and find the respondent was grossly negligent in the discharge of his duties to his client, and he is reprimanded by this court for same.

Petition of L. K. Pounders for the disbarment of J. Randell Connell. Respondent reprimanded by the court.

E. G. Nelson, for respondent.

HIGGINS, J. We are not favored with a brief by either party to this action.

From an examination of the complete record in this case, we find that the respondent, J. Randell Connell, is an attorney of the Idabel bar; that a petition was filed in this court, asking that he be disbarred from the practice of law for professional misconduct.

W. J. Horton, Esq., an attorney of the McAlester bar, was appointed by an order of this court as referee to hear the evidence and directed to report his findings of facts and conclusions of law. H. C. Potterf, Esq., an attorney of the Ardmore bar, was appointed to prosecute. The referee has filed in this court his findings of facts and conclusions of law, finding the respondent guilty on certain charges and not guilty on certain other charges. To the findings of facts and conclusions of law wherein respondent was found guilty, he files an exception on the grounds that the same are contrary to law and to the evidence.

We find from the evidence submitted that the respondent was attorney for Charley Colbert, a full-blood Indian, who was guardian for three of his children. That respondent was paid the sum of $90 for his client; that he did not pay this sum or any part of the same to him, but appropriated the same to his own use and benefit. Suit was brought by his client against him, and in defense of same he admitted that he had received the money, but contended that his client was indebted to him for an attorney fee in this sum. Judgment went against the

respondent, and then this suit to disbar him was commenced.

In this proceeding he again pleaded that his client, as guardian, was due him an attorney fee in the sum claimed by his client. This contention was met by the introduction in evidence of a guardian's report prepared and filed by the respondent prior to the collection of the $90, showing the attorney fee to have been paid, and also the canceled checks from which the money to pay the same was derived. The respondent then admitted that the attorney fee had been paid prior thereto and that he was indebted to his client in that sum, but exonerated himself by pleading that his former law partner collected the fee and did not make the same known to him. The check from which the money was derived was indorsed by this former law partner and there was evidence that he was of an unsavory reputation. The prosecution then introduced in evidence the guardian's report, showing payment of the attorney fee, which was in the handwriting of the respondent, consequently tracing to him that he had, at sometime prior thereto, known the attorney fee had been paid.

The only defense, therefore, left is that the respondent had a most treacherous memory as to past transactions in this matter. The record shows he had no system to his office and did his business in a slip-shod way.

We find, however, from the record that, even though respondent may not have been guilty of any intentional wrong, yet his obstinacy in seeking to defeat a just claim of his client and his failure to investigate public records accessible to him as to his client, which would have shown the indebtedness, was such that he fell far short of discharging his duties as an attorney to a client.

The summary proceeding of disbarment is civil, and not criminal, but more than a preponderance of the evidence is required. His guilt must be clearly established. In re Evans, 22 Utah, 366, 62 Pac. 913, 83 A. S. R. 794, 59 L. R. A. 952.

In this case we cannot say from the record that guilt was clearly shown, but can say that the respondent was derelict in his professional duties to his client for the reason above stated, and for which he is hereby by this court reprimanded and taxed with the costs of this suit.

As to the other charges, we do not find that guilt was clearly shown.

RAINEY, C. J., and HARRISON, KANE, PITCHFORD, JOHNSON, BAILEY, and RAMSEY, JJ., concur.