Submitted June 17, remanded for further proceedings July 1, 1959

### In re Complaint as to the Conduct of
## WILLIAM L. LANGLEY

341 P. 2d 538

No appearances.

PER CURIAM.

The Oregon State Bar filed a complaint against William L. Langley, an attorney at law duly admitted

to practice law in this state, charging that the accused was convicted by the verdict of a jury of violating ORS 167.515, in that the said Langley, as a district attorney, willfully refused and neglected to inform against and diligently prosecute persons guilty of a violation of ORS 167.505, a statute which denounces as crimes the conducting and playing of certain gambling games, and that such conviction was affirmed on appeal by this court. See *State v. Langley*, 214 Or 445, 323 P2d 301. The complaint further charged that the aforesaid conduct of the accused was "unethical, unlawful and in violation of the rules of professional conduct made and promulgated by the Oregon State Bar * * *."

By way of answer, Mr. Langley admitted the conviction and affirmance thereof as charged, but denied the remaining allegations of the complaint.

At a hearing before a trial committee, the Bar introduced no evidence. The prosecutor stood on the admission by the accused of conviction of the offense charged, and took the position that the sole question was whether that offense is a misdemeanor involving moral turpitude, and for that reason a ground of disbarment. ORS 9.480 (1).

The accused was the sole witness at the hearing. His testimony was substantially along the lines of that given by him in the trial of the criminal case. See 323 P2d 305, 307, 311. Generally, it was to the effect that he was indicted for failing to prosecute the operator of gambling games carried on to raise money for charitable causes, and it was his understanding that such gambling did not constitute a violation of Oregon law and that his predecessors in office had held the same view and had never prosecuted in such cases. The testimony of a witness in the criminal case which is to

the same effect was read into the record under a stipulation of the parties. See 323 P2d 313.

A majority of the trial committee found that the conduct of the accused was unethical, etc., as charged in the complaint, and recommended that he be suspended from the practice of law until such time as the Supreme Court shall find that "he is in all respects physically, mentally, morally and otherwise qualified to accept the obligations and faithfully perform the duties of an attorney in the state of Oregon." One member of the committee dissented. He thought that, since, as disclosed by our opinion in *State v. Langley*, supra, 323 P2d 301, 306, there was evidence in that case that the non-feasance of the accused was influenced by corrupt motives, the inquiry should have been extended to that question, but, in view of the limited issue made by the complaint and the testimony of the accused, he was of the opinion that no discipline should be imposed.

On review by nine of the twelve members of the Board of Governors of the State Bar, it was unanimously voted that the record be submitted to the Supreme Court without recommendation. Apparently, the Board was of the opinion that no recommendation was authorized unless it was concurred in by a two-thirds vote either of the total membership of the Board or of those present. See ORS 9.540. In this instance, neither had been obtained.

The record was filed in this court on April 1, 1959. The accused had sixty days in which to petition the court "to review the recommendation or to reverse or modify the same." ORS 9.540. The statute further provides that if no petition is filed, "the Supreme Court may adopt, modify, or reject the order of recommendation of the Board and make all necessary orders in con-

formity therewith. * * *" The accused has not filed a petition for review.

It is provided by ORS 9.560 that the Board of Governors of the Oregon State Bar or "any local committee as to matters arising in the county wherein it acts, may, of its own motion or upon any complaint, initiate and conduct investigations of all matters relating to the * * * discipline of the members of the bar * * *." Ultimate responsibility in these matters rests upon this court, and it is this court which determines finally whether a member of the Bar shall be disciplined, and if so, to what extent. But this is a duty that can not be properly discharged unless the court is in possession of all the relevant facts bearing upon the conduct of the attorney under investigation. In view of what we judicially know of the evidence presented in the case of *State v. Langley*, supra, we do not feel the mere proof that the accused was convicted in that case is sufficient to enable this court to appraise adequately his conduct. Whether the misdemeanor involved moral turpitude depends on the circumstances, *In re Corcoran*, 215 Or 660, 337 P2d 307; and the record before us does not disclose the circumstances, other than the version of them as given by the accused.

Proof of a corrupt motive was not essential to conviction in the criminal case, and the verdict of the jury did not necessarily determine that question. But whether there was such a motive should be a material inquiry in this disciplinary proceeding, to the end that the court, the profession, and the public may know whether the accused was guilty of a mere technical neglect of duty which, in other circumstances, would probably have gone unnoticed, or of a graver breach of the rules of professional conduct. Fairness to the accused himself requires no less.

It is therefore ordered that the record in this case be returned to the Board of Governors of the Oregon State Bar, with directions to amend the charge against the accused, and that the Board shall thereupon refer the matter back to the trial committee for further proceedings, all in conformity with the views hereinabove expressed.