Argued July 6, permanently disbarred July 19, 1961

IN RE COMPLAINT AS TO THE CONDUCT OF
## HERBERT D. BLACK
363 P. 2d 206

*Leo Levenson,* Portland, for petitioner.

*Robert H. Hollister* and *Thomas J. Moore,* Portland, for Oregon State Bar.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

SLOAN, J.

The Board of Governors of the Oregon State Bar

recommended to the court that accused, Black, be permanently disbarred. Black petitioned the court for review. The complaint against Black contained twenty-seven charges of misconduct. Most of them, either directly or indirectly, accused him of soliciting damage cases by paid runners. The charges were heard in an extensive hearing by a trial committee of three able lawyers. The trial committee found Black guilty of twenty-two of the twenty-seven charges. The trial committee also recommended disbarment. The Board of Governors substantially affirmed the trial committee's findings.

A meaningful statement of the facts would require a narration of unreasonable length to understandably identify the persons who appear in the transcript of evidence and to describe the events they participated in. It is not necessary to do that. The record has been examined with care. Since all of the witnesses could not testify at the same time the task of review has required piecing together the testimony of the many witnesses to see if the total evidence forms a completed picture. Unfortunately for the accused, the pieces do fit together.

The testimony of the witnesses who had been solicited was believable. The identity of the soliciting runners was convincingly established. The existence of a relationship between the alleged runners and Black was proved and, in some instances, admitted. The evidence of payment to the runners was also strong. It was admitted that Black had made uncollected and uncollectible loans to one or more of the identified runners. Evidence, in the handwriting of one of the other identified runners, permitted a finding of payment by Black to that individual. Unexplained with-

drawals of large sums of cash from Black's bank account at times reasonably coincident with the dates of solicitation created something more than suspicion. All in all we are satisfied that the evidence supports the findings of the trial committee.

■ It is sometimes overlooked, and was in this case, that a disciplinary proceeding is neither civil nor criminal. It is not an adversary proceeding. The procedure is designed to test the right of a lawyer to continue to be a member of the profession. Conduct of L. B. Sandblast, 1957, 210 Or 65, 69, 307 P2d 532; Drinker, Legal Ethics, 1953, pp 36, 37. It has been said that:

> "Membership in the bar is a privilege burdened with conditions. A fair private and professional character is one of them. Compliance with that condition is essential at the moment of admission; but it is equally essential afterwards (*Selling v. Radford*, 243 U. S. 46; *Matter of Durant*, 80 Conn. 140, 147). Whenever the condition is broken, the privilege is lost. To refuse admission to an unworthy applicant is not to punish him for past offenses. The examination into character, like the examination into learning, is merely a test of fitness. To strike the unworthy lawyer from the roll is not to add to the pains and penalties of crime. The examination into character is renewed; and the test of fitness is no longer satisfied. For these reasons courts have repeatedly said that disbarment is not punishment [citing cases]. * * *" Cardozo, J., *In the Matter of Rouss*, 1917, 221 NY 81, 84, 116 NE 782.

■ We are firmly convinced that Black's conduct was such that "if he were [now] applying for admission to the bar his application should be denied." ORS 9.470. Moreover, the evidence establishes that Black

has violated the terms of ORS 9.510 which prohibits an attorney from soliciting business in hospitals and other places and prohibits the retention of runners to solicit business for him.

Our duty is clear. Black must be disbarred. It is so ordered.