Submitted September 5, 1961, proceedings dismissed
March 28, 1962

IN RE COMPLAINT AS TO THE CONDUCT OF
WILLIAM M. LANGLEY, ACCUSED
370 P. 2d 228

No appearances.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

PER CURIAM.

This is a review of a disciplinary proceeding against William M. Langley, a member of the Bar. On July 1, 1959, this court remanded to the Board of Governors of the Oregon State Bar the records and files then before the court in connection with proceedings against the same attorney. *In re William [M.] Langley,* 217 Or 45, 341 P2d 538.

The purpose of the remand was to permit the Bar to proceed under its rules to determine whether the accused had been motivated by corrupt or unethical considerations in connection with certain misconduct in office for which he was prosecuted by the State of Oregon and convicted in *State v. Langley,* 214 Or 445, 315 P2d 560, 323 P2d 301, cert. den. 358 US 826, 3 L Ed2d 66, 79 S Ct 45. In that case, the jury found the accused guilty of violating ORS 167.515 in that, while serving as the duly elected district attorney of Multnomah County, he wilfully failed to prosecute a gambling activity. The judgment was for the penalty imposed by law for the violation of said statute, a fine and the forfeiture of his office.

Since ORS 167.515, the statute under which Mr. Langley forfeited his office, does not require proof of improper motives in order to sustain a conviction, the judgment in *State v. Langley,* supra, did not necessarily require disciplinary action under ORS 9.480 (1), which provides for the punishment of lawyers who are convicted of felonies or misdemeanors involv-

ing moral turpitude. While a violation of ORS 167.515 is a misdemeanor, the failure to prosecute a gambler may or may not involve moral turpitude in a given case. Accordingly, we remanded the cause to the Bar so that the Bar could initiate further proceedings to determine whether the behavior of the accused lawyer was such as to warrant disbarment or suspension.

On the remand the Bar amended its complaint to charge the accused with failure to prosecute the previously noted gambling enterprise as part of a corrupt plan to profit thereby. In addition, the Bar alleged other counts of unprofessional conduct. Numerous hearings were had and some 1,840 pages of transcribed testimony were produced. After reviewing the record, the Board of Governors found that the charges against the accused had not been proven and recommended to this court that the proceedings be dismissed. For reasons which will appear below, we have adopted the recommendation of the Board of Governors. Ordinarily, when an accused lawyer is exonerated of misconduct, the record is sealed and he is spared the embarrassment of having his case described in the reports. However, inasmuch as Mr. Langley's professional conduct has been a matter of public discussion and speculation for some half dozen years, it is not amiss to notice that fact and to end some of the speculation by making the reason for dismissing the charges in this unusual case a matter of record.

As noted, the case was retried by a trial committee following the usual practice of the Oregon State Bar. The trial committee found the accused guilty of two of the new charges contained in the amended complaint of the Oregon State Bar. (The Board of Governors, however, did not concur in the findings of the trial committee.) In order to find the accused guilty

of one of the charges, the trial committee relied upon certain illegally recorded conversations.[1] If genuine, the questioned tape recordings would have been damaging to the accused. The Board of Governors gave no credence to the tapes because it was not convinced of their authenticity. We do not decide the authenticity of the tape recordings, for there is a further reason such evidence could not sustain a finding against the accused.

■■ The tape recordings would not have been admissible as evidence in an ordinary civil or criminal action.[2] Without attempting to decide whether ORS

[1] Tape recordings of purported conversations were made in a manner which is denounced as a felony by ORS 165.540, and is also contrary to federal statutes. A federal prosecution in connection with the same or related tapes resulted in a conviction in the United States District Court for the District of Oregon. The conviction was later reversed because of the illegal seizure of the evidence by state officers. See Elkins v. United States, 364 US 206, 80 S Ct 1437, 4 L Ed2d 1669 (1960).

[2] ORS 41.910. Evidence of communications obtained in certain manner not admissible. "Evidence of the contents of any telecommunication, radio communication or conversation obtained:

"(1) By violation of ORS 165.540 and without a court order under ORS 141.720 shall not be admissible in any court of this state.

"(2) Under paragraph (a) of subsection (2) of ORS 165.540 shall not be admissible in any court of this state."

ORS 165.540. Interception of communications. "(1) Except as otherwise provided * * * no person shall:

"(a) Obtain or attempt to obtain the whole or any part of a telecommunication or a radio communication to which such person is not a participant, by means of any device, contrivance, machine or apparatus, whether electrical, mechanical, manual or otherwise, unless consent is given by at least one participant.
"* * * * *

"(c) Obtain or attempt to obtain the whole or any part of a conversation by means of any device, contrivance, machine or apparatus, whether electrical, mechanical, manual or otherwise, if all participants in the conversation are not specifically informed that their conversation is being obtained.
"* * * * *

"(6) (a) Violation of paragraph (a), (b) or (c) of subsection

41.910 is binding upon this court when the court functions in the internal discipline of the Bar, we hold that it would not be desirable for the Bar to employ in its disciplinary operations illegal tape recordings, evidence secured unlawfully by wire-tapping, or other fruits of criminal eavesdropping. We recognize that the rules of evidence in disciplinary cases are more flexible than they are in criminal prosecutions. However, to permit the Bar to use illegal tape recordings would be inconsistent with the public policy expressed by ORS 165.540. For this reason, no weight has been given in this court to the illegally recorded conversations. Without the tapes one particular specification of misconduct collapsed entirely. The other charge upon which the trial committee made findings adverse to the accused need not be discussed, as it was rejected by the Board of Governors on the grounds of insufficient evidence. We agree that the evidence did not sustain the charge.

■ The Board of Governors treated all charges against the accused as having failed for lack of proof. In view of the inadmissibility of the evidence mentioned above, the recommendation of the Board of Governors has been adopted by this court.

The proceedings are dismissed.

---

(1) of this section is punishable, upon conviction, by a fine of not more than $3,000 or by imprisonment in the penitentiary for not more than three years, or by both.
"* * * * *."