Submitted March 6, remanded for further proceedings April 29,
1964, resignation of accused pursuant to Rule N (2) was
accepted December 21, 1965

IN RE COMPLAINT AS TO THE CONDUCT OF
## PAUL F. GRONNERT, ACCUSED
391 P. 2d 772

No appearances.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

PER CURIAM.

This is a review of a disciplinary proceeding against a member of the bar of this court.

For some twenty years Mr. Gronnert acted as guardian of the estate of his mother, an incompetent. At the time of his removal as guardian for neglecting his duties, he was unable to account for certain property of the guardianship estate. In due course a successor guardian obtained a judgment (by confession) against Mr. Gronnert for $6,423.23 and interest.

The Oregon State Bar charged Mr. Gronnert with unprofessional conduct in his inability to account for the assets of the estate and in his antecedent failure to comply with the statutes governing the administration of such estates.

In his defense Mr. Gronnert asserted that he could not make an accounting because a fire destroyed the records of his office. He admitted that he was neglectful of his duties in failing to file reports. The fire apparently did destroy all records in his possession concerning the guardianship estate. There was no evidence that the fire was the result of fault on Mr. Gronnert's part.

The bar did not allege that Mr. Gronnert converted guardianship property to his own use. The record shows only that he was unable to segregate the property of the estate or to account for its whereabouts. The conclusion is inescapable that there was at least gross negligence in his failure to deposit the assets in appropriate depositories and to keep proper records. Indeed, although the bar has not charged a wrongful commingling of funds in violation of Rule 9, Rules of Professional Conduct, the record suggests that there was some degree of commingling.

Upon such a record, both the trial committee and the Board of Governors concluded that Mr. Gronnert was guilty of unethical conduct. The bar has recommended a reprimand.

The record raises, however, a very serious question which is left unanswered. Either Mr. Gronnert was incredibly negligent, to a degree that would suggest that his holding himself out as a lawyer presented something of a common peril to the public, or he was guilty of misappropriation of the funds of his ward. If he is innocent of moral wrong, he is entitled to be cleared of the suspicion that arises from the admitted shortage. But even if he is free from moral fault, the public is entitled to be protected in the future against a recurrence of such a careless performance of fiduciary duties by a person

to whom the public is entitled to look for probity and skill.

Some of the questions the trial committee sought to have answered were not answered because of objections by the accused that the matters were not covered by the pleadings. The trial committee tended to view the disciplinary complaint narrowly as a pleading in the nature of an indictment. Thus when Mr. Gronnert was asked whether some of the funds that could not be accounted for might have been paid to the State of Oregon for the care of his ward in a state institution, the question was objected to on the ground that the complaint contained no allegation that the rights of any creditor, including those of the State of Oregon, had been invaded. The question should have been answered.

■ When a fiduciary is short in his accounts, at least when the fiduciary is under investigation by the Oregon State Bar concerning his conduct as a member of the bar, considerable latitude should be given the trial committee so that it can get at the truth. The ultimate issue in such cases is the fitness of the accused to practice law. See *Ex parte Finn*, 32 Or 519, 52 P 756, 67 Am St Rep 550 (1898). The technicalities of criminal law which are properly invoked to safeguard the liberty of citizens are not necessarily relevant in the investigation of unethical conduct. See *In re J. Kelly Farris*, 229 Or 209, 219, 367 P2d 387 (1961). A person can be guilty of unethical conduct without violating any criminal law. *Ex parte Finn*, supra.

■ Since the bar did not charge Mr. Gronnert with dishonesty, there is no finding upon that question. The question ought to be disposed of, however, for

the good of Mr. Gronnert as well as of the public. As this court noted in another disciplinary action in which the basic question of moral fault had been left unanswered, ultimate responsibility for the discipline of the bar rests upon this court. This judicial responsibility cannot be properly discharged unless the court is in possession of all the relevant facts bearing upon the conduct of the attorney under investigation. *In re William L. Langley,* 217 Or 45, 341 P2d 538 (1959).

█ It is therefore ordered that the record in this case be returned to the Board of Governors of the Oregon State Bar, with directions to investigate whether probable cause exists to charge the accused with violations of Rule 9 or any other rule of professional conduct, and to file such other charges, if any, as ought to be filed. In any event, the matter should be returned to the trial committee for further proceedings to determine whether the conduct of the accused was dishonest or merely negligent.

Remanded for further proceedings.

NOTE: On December 21, 1965 the resignation of the accused pursuant to Rule N (2) was accepted.