**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Haman M. FOSTER, Respondent.**

**No. 2179.**

Supreme Court of Oklahoma.

Feb. 4, 1969.

**JACKSON, Justice.**

The record in this disciplinary proceeding against respondent, Haman M. Foster, shows that on December 6, 1965, respondent accepted professional employment to file suit for his client to recover judgment on a note in the sum of $1,334.29. On December 6, 1965, he was instructed to "start action quickly". Some preliminary effort was made to collect the note without suit. It also appears from the record that during the period from December 6, 1965, to May 15, 1967, client wrote respondent six or seven times and contacted him in his office and by phone urging him to file the suit.

On May 15, 1967, client requested respondent to return the original note, the check for costs, and other papers if respondent had not filed an action. Thereafter the record includes three more letters to respondent from client and evidence of one phone call and a suggestion that the statute of limitations was about to run on the note. In the last of the three letters (dated October 4, 1967) client stated he would take the matter up with the Oklahoma Bar Association unless he had evidence that suit was filed by October 16, 1967. In a verified statement by the client to the Oklahoma Bar Association, dated November 8, 1968, he stated that there had been many telephone calls and several trips to Guymon, all initiated by the client, to get the suit completed.

From client's correspondence with the Oklahoma Bar Association it appears that client had received no communication from respondent as of December 21, 1967. Client stated in a letter dated February 9, 1968, to general counsel for the Association that he had visited respondent in Guymon on February 6, 1968, and had picked up the original note. He further stated that he had no desire to pursue the matter further through the Association because respondent had suffered a near nervous breakdown during the summer and fall of 1967. A formal complaint was filed by the Bar Association against respondent on May 16, 1968, charging in substance the facts as above set forth.

In respondent's testimony before the Trial Authority he stated that the statute of limitations would not run on the note until August 15, 1968; that he had given the note and cost deposit check back to client in February, 1968; that he had a near nervous breakdown in the summer and fall of 1967; and he admitted in direct testimony that he was not as diligent as he should have been. In cross examination respondent testified that if he ever initiated a telephone call to his client he did not remember it. He had no recollection of having written any letters or other communications to his client except those already admitted as evidence. These were two, dated December 3, and December 7, 1965. The first letter merely agreed to accept employment.

Based upon the foregoing testimony the Trial Authority recommends that respondent be privately reprimanded.

For the purpose of enhancing the discipline to be imposed the Association alleged in its former complaint and introduced in evidence its secret file against respondent which discloses that a former complaint had been made against respondent by a former client named Charles Jagade. Although the Trial Authority admitted the prior investigation file into evidence over the objection of respondent, he concluded that he should not look at the file unless and until he found respondent guilty of the acts charged in the present proceeding. He further informed respondent that if he did make a finding of mis-

conduct he would give respondent an opportunity to rebut the evidence of misconduct contained in the prior investigation file. It does not appear from the record that respondent was thereafter given an opportunity to rebut the evidence of misconduct contained in the prior investigation file and he made no request for such hearing. There is nothing in Trial Authority's findings of fact, conclusions of law, and recommendation indicating he used the evidence from the prior investigation to enhance the punishment. In these circumstances we do not feel that this court would be justified in considering the prior investigation file without first giving respondent an opportunity to rebut it, and we do not do so.

Respondent's objection to the introduction of the record of the prior investigation was based upon the fact that no discipline resulted from the prior investigation. We are not persuaded by respondent's argument. Article IX, Section 12, Rules Creating and Controlling the Oklahoma Bar Association, provides in part:

"In fixing the degree of discipline to be imposed for misconduct, the Trial Authority and the Court shall consider prior misconduct resulting in discipline, and where evidence from prior investigations is retained in a confidential file such evidence may be considered where the accused has been afforded an opportunity to rebut it."

The quotation from Section 12, supra, has two provisions. The first is that in fixing the degree of discipline the trial authority and the court shall consider prior misconduct resulting in discipline. This provision simply authorizes trial authority and this court to examine the complaint, findings of fact, conclusions of law, and the discipline imposed in the former action, as well as the former decision of this court. Where discipline was imposed the findings of fact made by trial authority in the former proceeding will be accepted as true unless modified or rejected by this court in the former proceeding. Article X,

Sec. 17(d), Rules Creating and Controlling the Oklahoma Bar Association.

The second provision authorizes the trial authority and this court to review the evidence from prior investigations retained in a confidential file where no discipline resulted. But before it can be considered by the trial authority he must give the respondent an opportunity to rebut it, explain it, or mitigate it. Orderly procedure and considerations of due process would suggest that if the secret file is to be introduced to enhance discipline it should be alleged in the formal complaint, as was done in the instant case; and the secret file, or a copy thereof should be made available to respondent and his counsel prior to formal hearing so that respondent may have an opportunity to present evidence and testimony to rebut the evidence contained in the secret file. We are aware that strong argument can be made that the trial authority should not examine the secret file until there has first been a determination of misconduct in the case on trial. We are of the view, however, that any attorney or judge who is appointed as trial authority will not permit a secret file, and evidence in rebuttal, to influence his judgment on the question of misconduct in the case on trial. But he should be privileged, if he so elects, to postpone reading the secret file and hearing rebuttal evidence until he has first determined the question of misconduct in the case on trial.

Respondent has filed no exceptions to the report of the Trial Authority as authorized by the provisions of Article X, Section 17, Rules Creating and Controlling the Oklahoma Bar Association, and has filed no brief. The cause is therefore submitted to this court for disposition.

We adopt the finding of fact made by the Trial Authority. We may enter an order giving effect to the recommendations of the Trial Authority, or we may impose discipline, dismiss the proceedings or take such other action as the court deems appropriate. Article X, Section 17(c) and (e), Rules Creating and Controlling the Oklahoma Bar Association.

We deem it appropriate under the facts in this case that respondent be publicly censored and reprimanded for dereliction of duty to his client as reflected in this opinion. It is the duty of a lawyer to be punctual, concise and direct in the disposition of causes. Canon 21, Canons of Professional Ethics. A violation of the Canons of Professional Ethics subjects a lawyer to discipline or disbarment. Article IX, Section 7, Rules Creating and Controlling the Oklahoma Bar Association. See also In re Van Spanckeren, 81 Ariz. 54, 299 P.2d 643; In re Connell, 79 Okl. 212, 192 P. 564.

An attorney should never forget that he occupies a very important role in the administration of justice. He is an officer of the courts. In a very real sense he is an officer of the third branch of government. He is licensed to assist litigants and the courts in the administration of justice. The ordinary litigant is unable to file an action in court without the assistance of an attorney. The wheels of justice should start turning when an attorney accepts employment. As an officer of the court respondent must share some of the responsibility for the expeditious administration of justice when he accepts professional employment. He did not discharge that responsibility in the instant case.

All the Justices concur.