Argued September 8, permanently disbarred October 15, petition for rehearing denied November 12, 1969. Petition for writ of certiorari denied by United States Supreme Court May 18, 1970

IN RE COMPLAINT AS TO THE CONDUCT OF
PHILIP WEINSTEIN, *Petitioner.*

459 P. 2d 548

*Dwight L. Schwab,* Portland, argued the cause for petitioner. With him on the briefs were Frank H. Hilton, Jr., and Hutchinson, Schwab & Burdick, Portland.

*Mark C. McClanahan,* Portland, argued the cause for the Oregon State Bar. With him on the brief were George W. Mead and Michael J. Walsh, Portland.

Before Perry, Chief Justice, and McAllister, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

PER CURIAM.

The Board of Governors of the Oregon State Bar has recommended to this court the permanent disbarment of Philip Weinstein upon findings by a trial committee that he was guilty of unprofessional conduct.

The accused challenges the findings and recommendation on two grounds: insufficient evidence of guilt, and unreasonable delay upon the part of the Bar in proceeding with the prosecution of his case after filing charges against him.

Of the twenty-five specifications of misconduct charged by the Bar, the trial committee found the accused guilty of seventeen, not guilty of seven, and dismissed one. The Board of Governors, in reviewing the trial committee's findings, concurred in the findings of guilt with reference to fifteen specifications of misconduct. The specifications for which guilt was established included the employment of runners to solicit law business and other professional misconduct sufficient to warrant disbarment. Criminal conduct which was also charged was not proved.

We have examined the record, and find that the specifications of misconduct of which the accused was found guilty by the trial committee and which have been concurred in by the Board of Governors were amply supported by evidence. No useful purpose would be served by setting forth the details of the various charges and findings in these reports. For a related case involving most of the same witnesses and

similar charges of misconduct, see *In re Herbert D. Black,* 228 Or 9, 363 P2d 206 (1961), and 251 Or 177, 444 P2d 929 (1968).

■ With reference to the asserted defense of unreasonable delay, bar disciplinary proceedings are not criminal prosecutions, and analogies drawn from cases in the criminal courts are inapposite in this case. See, e.g., *In re Paul F. Gronnert,* 242 Or 233, 391 P2d 772 (1964). The Bar concedes that its counsel allowed some twenty-seven months to elapse while pressing charges that undoubtedly could have been carried to trial in a shorter time. If this course of action on the part of the various volunteers functioning in the disciplinary sector of the Bar's responsibilities was dilatory, however, it followed a delay of nearly five years which had been requested by the accused while related litigation was pending in the federal courts. See *Barnard v. United States,* 342 F2d 309 (9th Cir), cert. denied, 382 US 948, 86 S Ct 403, 15 L Ed 2d 356 (1965).

■ It is unnecessary to define in this case the proper remedy for vexatious and unreasonable delay on the part of the Bar. None has been shown in this case. It ought to be made clear, however, that the primary purpose of professional disciplinary proceedings is to protect the public. The punishment of an offending member of the profession is indeed a serious matter, but it is incidental to the protection of the public. If the conduct of a member of the Bar disqualifies him from the practice of law, it would not be in the public interest to dismiss the disciplinary proceedings for no reason other than the Bar's failure to prosecute them with the proper dispatch.

The accused is permanently disbarred, and the Bar is awarded judgment for its costs and disbursements.