In the Matter of Johnny Lee
EVINGER, Respondent.

No. S.C.B.D. 2624.

Supreme Court of Oklahoma.

Sept. 11, 1979.

Larry D. Barnett, Oklahoma City, for respondent.

Annis M. Kernan, Oklahoma City, for Special Board of Bar Examiners, Oklahoma Bar Assn.

DOOLIN, Justice:

The sole question reached in this matter is the respondent's right to proceed with an appeal from the acts and orders of the Special Board of Bar Examiners of the Oklahoma Bar Association by affidavit forma pauperis. We decide that no right to proceed forma pauperis exists in the respondent.

The respondent argues his rights to appeal and review by this Court. We do not deny the respondent the guarantee of equal protection and the right to appeal. Not only the 14th and 5th amendments to the Constitution of the United States guarantee equal protection and due process but our own constitution as well. See Art. II §§ 6 & 7.[1] We deny that the Oklahoma Bar Association, acting through a legally constituted board thereof and under the direction

---

1. Art. II § 6: COURTS OF JUSTICE OPEN—REMEDIES FOR WRONGS—SALE, DENIAL OR DELAY.

The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice. Art. II § 7: DUE PROCESS OF LAW.

No person shall be deprived of life, liberty, or property, without due process of law.

More particularly in *Schware v. Board of Bar Examiners*, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957) where the United States

Supreme Court reversed and remanded the action of the Supreme Court of New Mexico in *Schware v. Board of Bar Examiners*, 60 N.M. 304, 291 P.2d 607 (1955). The State Court had denied the applicant the right to take the bar exam on the basis of past membership in subversive political organizations (Communist Party) the use of aliases and a previous arrest record. The Supreme Court held that the applicant had been denied due process under the 14th amendment to the United States Constitution and whatever probative force his past arrest may have had, had been dissipated.

and control of this Court [2] must furnish the respondent a transcript of proceedings, costs of appeal including cost bond or an attorney to represent him at trial or on appeal, simply because of his indigency or poverty.

Respondent observes and urges that an affidavit forma pauperis is not only mandated in criminal cases by recent United States Supreme Court decisions but in civil cases as well.[3] We do not deny the validity and correctness of this conclusion in certain cases.

Proceeding in disciplinary matters or matters relating to admission to the Bar are not strictly speaking civil or criminal. They partake of the elements of both. We have at least thrice, indicated that disbarment or disciplinary proceedings are civil, not criminal in nature.[4] We think these cases are ill-advised in this particular conclusion and would adopt the classification that Bar proceedings including admission, disbarment or other types of disciplinary action are special in nature and sui generis. See *Ohio State Bar Association v. Weaver*, 41 Ohio St.2d 97, 322 N.E.2d 665 (1975); *Yokozeki v. State Bar of California*, 11 Cal.3d 436, 113 Cal.Rptr. 602, 521 P.2d 858, cert. denied 419 U.S. 900, 95 S.Ct. 183, 42 L.Ed.2d 145 (Cal. 1974); *Bradpiece v. State Bar of California*, 10 Cal.3d 742, 111 Cal.Rptr. 905, 518 P.2d 337 (1974); *Maryland State Bar Association v. Sugarman*, 273 Md. 306, 329 A.2d 1, cert. denied, 420 U.S. 974, 95 S.Ct. 1397, 43 L.Ed.2d 654 (1974); *In re Daly*, 291 Minn. 488, 189 N.W.2d 176 (1971); cf. *In re Kunkle*, 218 N.W.2d 521 (S.D.1974); *Matter of Logan*, 70 N.J. 222, 358 A.2d 787 (1976); *In re Campbell*, 74 Wash.2d 276, 444 P.2d 784 (1968); *In re Black*, 228 Or. 9, 363 P.2d 206 (1962); *In re Ankelis*, 164 Or. 676, 103 P.2d 715 (1940).

*In re Toft v. Ketchum*, 18 N.J. 280, 113 A.2d 671, 52 A.L.R.2d 1208 opinion adhered to, 18 N.J. 611, 114 A.2d 863, 52 A.L.R.2d 1217, cert. denied 350 U.S. 887, 76 S.Ct. 141, 100 L.Ed. 782 (1955) that court held:

"A disciplinary proceeding against an attorney is not criminal in nature, but is civil in character, or, more accurately, sui generis." (Citations omitted).

We observed in *State ex rel. Oklahoma Bar Association v. Trower*, 381 P.2d 142, 144 (Okl.1963):

"Membership in the bar is a privilege burdened with conditions. A fair private and professional character is one of them. Compliance with that condition is essential at the moment of admission; but it is equally essential afterwards." Citing *In re Bond*, 168 Okl. 161, 31 P.2d 921 (1934).

The ultimate purpose in disciplining attorneys or denial of admission is not punishment, but purification of the Bar and protection of courts and public in general.[5] *State ex rel. Oklahoma Bar Association v. Trower*, supra, is also the source of our observation that, "it is not for the sake of the individual member . . . that men and women are licensed to engage in the practice of law.[6]

The rationale of the prohibition against invidious discrimination in basic human, civil and criminal rights for protection of the poor, and the guarantee of a fair, speedy and thorough judicial proceeding has no carry over into Bar matters of this kind.

2. The Oklahoma Bar is an integrated one, 5 O.S.Supp.1978 Ch. 1, Appendices 1 & 5.

3. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1962); *Griffin v. Illinois*, 251 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) and *Boddie.v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).

4. *In re Biggers*, 24 Okl. 842, 104 P. 1083 (1909); *In re Connell* 79 Okl. 212, 192 P. 564 (1920) and *State v. Massad*, 334 P.2d 787, 791 (Okl.1959).

5. See *State v. Booth*, 441 P.2d 405, 408 (Okl. 1966); *Bradpiece v. State Board of Calif.*, 10 Cal.3d 742, 111 Cal.Rptr. 905, 518 P.2d 337 (1974) states the purpose is not punitive but to inquire for the protection of the (1) public, (2) the Courts and (3) legal profession; *Ohio State Bar Association v. Weaver*, 41 Ohio St.2d 97, 322 N.E.2d 665 (1975) holds disbarment proceedings are instituted to safeguard (1) the Courts, (2) protect the public from misconduct.

6. See also *State v. Booth*, supra, page 407.

We therefore hold respondent is not entitled to be furnished at Bar expense, a transcript or record of the trial proceedings nor is he entitled to a waiver of the necessity for cost bond under Rule 11, 5 O.S.Supp. 1978 Ch. 1, App. 5.[7]

Petitioner's motion to proceed forma pauperis denied; petitioner granted fifteen (15) days to proceed under Rule 11.

LAVENDER, C. J., IRWIN, V. C. J., and HODGES, BARNES and HARGRAVE, JJ., concur.

WILLIAMS and SIMMS, JJ., dissent.

---

7. Cf. *Howe v. Federal Surety Co.*, 161 Okl. 144, 17 P.2d 404 (1932) and *Bradford v. Southern R. Co.*, 195 U.S. 243, 25 S.Ct. 55, 49 L.Ed. 178 (1904).