[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The Statewide Grievance Committee ("Grievance Committee") instituted presentment proceedings against the defendant, Attorney Marguerite Lorent, alleging violations of Rule 1.15(b) of the Rules of Professional Conduct. It is unnecessary to set forth herein the factual basis upon which the presentment is premised. When the matter was reached for trial before this court, the Grievance Committee was present and prepared to present evidence. The defendant, however, made an oral motion to dismiss the action. The court directed the defendant to file a formal written Motion to Dismiss together with any affidavits she wished to submit and a memorandum of law. The Grievance Committee was provided with an opportunity to respond in writing and both parties have now made their respective submissions to the court.
While the Motion to Dismiss and the accompanying memoranda CT Page 6227-qqq filed by the defendant refer to the factual basis for the presentment, the Motion to Dismiss is essentially based upon two claims, to wit (1) the hearing of evidence by the reviewing committee in her absence and the failure to grant a requested continuance, and (2) the failure to institute the presentment in a timely manner following the Grievance Committee's adoption of the recommendations for the filing of a presentment.
A hearing on a complaint filed against the defendant was scheduled to be heard by the reviewing committee on March 12, 1991 in New London, Connecticut at 2:00 p.m. At that time, a witness on behalf of the complainant gave testimony while the defendant was not present. The defendant states that she "had car, traffic and direction trouble driving from Manhattan to New London, Connecticut" and "arrived one hour late." The defendant spoke to members of the reviewing committee who were still present and explained the reason for delay. A new hearing was then scheduled for April 9, 1991. Notice was forwarded to the defendant stating that the hearing would be held at 11:30 a.m. in New London. The defendant states that at approximately 11:00 on April 9, 1991 she was preparing to leave to attend the hearing "when for the first CT Page 6227-rrr time she actually read the notice and found the time of 11:30 A.M. rather than 2:00 P.M. was indicated as the proper time for the hearing. A memorandum filed on behalf of the defendant, which is adopted by affidavit as a statement of fact, states:
 "Respondent called New London and insisted that a message be transmitted to the hearing room. Ms. Elizabeth Collins of the reviewing committee came to the telephone. Respondent explained the situation to Ms. Collins and requested that the 11:30 A.M. hearing be postponed for an (1) hour or so until respondent got there. Ms. Collins indicated that the hearing would go forward at 11:30 A.M. and without respondent's participation. No reason was given as to why the reviewing committee would not delay the hearing for the Respondent's arrival or set a continuance."
An affidavit has also been filed by Attorney Elizabeth F. Collins, Assistant Bar Counsel, employed by the Connecticut Judicial Branch to assist the Statewide Grievance Committee. The affidavit by Attorney Collins states that she was present in the hearing room on April 9, 1991 in her capacity as Assistant Bar CT Page 6227-sss Counsel with members of the reviewing committee who were scheduled to hear the grievance against the defendant at 11:30 a.m. The affidavit further states that approximately 11:45 a.m. the defendant had not appeared and no message had been received from her. Attorney Collins states that approximately 11:45 a.m. the reviewing committee asked her to determine if possible, why the defendant was not present and that she went to the telephone and called the defendant's Stamford law office. Attorney Collins further states that a female person other then the defendant answered the telephone and Attorney Collins was informed that due to a mix-up, the defendant thought that the hearing was at 2:00 p.m. and not at 11:30 a.m. Attorney Collins states she did not speak with the defendant. Attorney Collins further states that she reported back to the reviewing committee that due to a mix-up defendant believed that the hearing was set for 2:00 p.m. and not 11:30 a.m. The affidavit further states that the reviewing committee directed her to telephone Attorney Lorent's office and inform the office that a hearing was going forward as scheduled. The affidavit further states that Attorney Collins then called the defendant's Stamford law office and left a message for the defendant that the hearing was going forward as scheduled and CT Page 6227-ttt again, the affidavit states that she did not speak with the defendant.
Ordinarily, the failure to grant a continuance made on the day of the hearing after proper notice has been given and received, would not per se constitute justification for a dismissal of the action. See such cases as Statewide Grievance Committee v. Friedland, 222 Conn. 131, 142, 143 (1992); Thode v. Thode, 190 Conn. 694,697 (1983). However, a somewhat different situation was presented by the affidavits on file before the court. The affidavit filed on behalf of Attorney Collins clearly indicates that the decision to go forward with the matter, at the time scheduled, was a determination made by the reviewing committee and not by herself. Conversely, the memorandum filed on behalf of the defendant, the contents of which are sworn to in the affidavit, infers that the determination not to grant a continuance was made Attorney Collins and not by the reviewing committee. There is no reference in the memorandum to any attempt by Attorney Collins to submit the determination of the request for a continuance to the reviewing committee.
Accordingly, the court cannot make a determination with CT Page 6227-uuu respect to the motion to dismiss on the first ground and an evidentiary hearing will be necessary with respect thereto.
The second ground of the motion to dismiss is based upon the claim that the Grievance Committee approved the Reviewing Committee's recommendation for a presentment on August 15, 1991 and that the presentment was not made to the court until March 10, 1993 although attempts to make service were made in November of 1992. Accordingly, the defendant claims that the fifteen month delay before attempting to make service and the nineteen month delay between the determination to make a presentment to the court and the actual making of that presentment constitutes an unreasonable delay warranting the dismissal of the action. The defendant however, does not assert that she is prejudiced in any way in making a defense to the claims asserted by the Grievance Committee.
"`Disciplinary proceedings are for the purpose of preserving the courts `from the official ministration of persons unfit to practice in them'. . . . `The proceeding to disbar or suspend an attorney is neither a civil action nor a criminal proceeding, but is a proceeding sui generis, the object of which is not the CT Page 6227-vvv punishment of the offender, but the protection of the court." Statewide Grievance Committee v. Rozbicki, 211 Conn. 232, 238
(1989). The Grievance Committee's function is to initiate presentment and thereafter a de novo evidentiary proceeding is carried out in court, and the ultimate responsibility to determine whether an act of misconduct occurred is reposed solely with the judge as does the power to administer an appropriate sanction. Statewide Grievance Committee v[.] Presnick, 215 Conn. 162, 167
(1990). Accordingly, the failure to comply with the time limitations set forth in General Statutes 51-90g(c) and, in Practice Book 31(a) do not require dismissal of the proceeding." Statewide Grievance Committee v. Rosbicki [Rozbicki], supra at 243; Statewide Grievance Committee, 219 Conn. 473, 480-482 (1991).
In view of the nature of disciplinary proceedings, involving as it does protection of the courts and the public, it is generally held that delays in instituting proceedings, even though the delays may be lengthy, are an insufficient basis to warrant dismissal of the proceedings absent a demonstration of prejudice to the defendant. Ramirez v. The State Bar of California,169 Cal.Rptr. 206, 619 P.2d 399,405 (1980), Mrakich v. State Bar of California, CT Page 6227-www106 Cal.Rptr. 497, 506 P.2d 633, 639 (1973); In Re Bossov, 60 Ill. 2
nd. 439, 328 N.E.2d 309, 314, cert. den. 423 U.S. 92896 S.Ct. 275, 46 L.Ed.2d 256 (1975); Attorney Grievance Commission v. Kahn,290 Md. 654, 432 A.2d 1336, 1352 (1981); In Re Charges of Unprofessional Conduct Against N.P., 361 N.W.2d 386, 393 (Minn. 1985); State ex rel Nebraska State Bar Assn. v. McArthur, 212 Neb. 815,326 N.W.2d 173, 175 (1982); In Re Weinstein, 254 Or. 392,459 P.2d 548 (1969) cert. den. 398 U.S. 903, 90 S.Ct. 1689, 26 L.Ed.2d 61
(1970); Committee and Legal Ethics v. Pence., 240 S.E.2d 668, 672
(W.Va. 1977). In the present case, there is no claim on the part of the defendant that her defense of the action has been prejudiced by any delay. Accordingly, the motion to dismiss on the grounds of the delay in presentment is hereby denied.
The court is of the view that all matters relating to the Motion to Dismiss should be decided prior to undertaking any consideration of the merits of the claims asserted. Accordingly, an evidentiary hearing will be held on July 23, 1993 at 10:00 a.m. in Courtroom #1 at the Stamford Courthouse at 123 Hoyt Street, Stamford, Connecticut. The subject of the evidentiary hearing will be limited to the situation existing on April 9, 1993 concerning CT Page 6227-xxx the request for continuance and the action taken with respect thereto.
RUSH, J.